**Horace H. HOLT, M.D., Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

Civ. A. No. 914.

United States District Court
W. D. Arkansas,
Texarkana Division.

March 16, 1965.

---

282

Steel & Steel, Nashville, Ark., for plaintiff.

Arnold & Arnold, Texarkana, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

There is before the court the plaintiff's motion, filed February 6, 1965, to remand the action to the Circuit Court of Howard County, Arkansas, on the following ground: "That this court does not have jurisdiction of plaintiff's cause of action because the amount in controversy in said action is less than the sum of $10,000."

This action was removed February 1, 1965, from the Circuit Court of Howard County, Arkansas. The plaintiff, Horace H. Holt, M.D., is a citizen and resident of Howard County, Arkansas. The defendant, Continental Casualty Company, is an Illinois corporation with its principal place of business in Chicago, Illinois, and is qualified to do business in Arkansas.

The plaintiff filed his complaint to recover past and future benefits under a disability insurance policy, No. 066415, issued by the defendant February 1, 1963. The policy was issued in accordance with a group policy, No. 52–A–0218, issued to members of the American Medical Association. The plaintiff alleged that he became totally disabled February 4, 1963; that under the terms of the policy he was entitled to benefits at the rate of $500 per month; and that at the time of the filing of the complaint the accrued unpaid installments amounted to $5,649.94 through January 12, 1965. The plaintiff, in unnumbered paragraphs 6, 7, 8 and 9, alleged:

"That under the terms of the policy the defendant insurance company is obligated to pay to this plaintiff disability benefits at the rate of $500.00 per month for the period of

time which this plaintiff is totally disabled. That under the terms of the policy as aforesaid at the time of the filing of this Complaint, the defendant is justly indebted to this plaintiff in the total sum of $5649.-94."

"That demand has been made by this plaintiff upon the defendant insurance company on numerous occasions, and specifically in compliance with the terms of the policy hereinabove referred to, but plaintiff has been advised by letter from the defendant insurance company dated October 22, 1964, that it denied any and all liability under the terms of the policy, and it tendered to this plaintiff a refund of all premiums paid under the terms of the policy, which plaintiff has refused to accept and attaches hereto to be returned to the defendant upon orders of this court.

"That this plaintiff has since February 4, 1963, suffered from rheumatoid arthritis, multiple joints involved, to the extent that he is totally disabled and prohibited from carrying on the active practice of medicine, in which profession he had been actively engaged prior to February 4, 1963, for almost thirty years.

"The amount hereinabove sued for, which is the sum of $5649.94, is sought under the terms of the policy through January 12, 1965, and this plaintiff respectfully prays that he have judgment not only for this amount but for orders of this Court directing the defendant insurance company to pay the monthly indemnity provided for under the terms of the policy for such time as the plaintiff continues to remain totally disabled from carrying on his vocation, the practice of medicine."

The plaintiff prayed that he have judgment against the defendant in the sum of $5,649.94, a reasonable attorney's fee, 12 percent interest, costs, and "in addition thereto, for the benefits in compliance with the terms of the policy to which he may be justly entitled."

The defendant in its answer of February 1, 1965, made a general denial of all the material allegations in the plaintiff's complaint, and prayed that the complaint be dismissed.

■ Existence of the requisite jurisdictional amount is to be determined by an examination of the complaint at the time of removal, St. Paul Mercury Indemnity Co. v. Red Cab, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

As the court views the record the questions to be determined are whether or not there has been a repudiation of the contract of insurance, and whether or not the plaintiff has stated a cause of action to recover the present value of future benefits under the contract of insurance.

■ The general rule in considering future disability benefits in determining the jurisdictional amount is stated in 1 Moore's Federal Practice, p. 854, Sec. 5.2:

"In a suit brought on disability insurance policy where the insured seeks to recover installments allegedly due because of his disability, it is clear that at least the installments due at the time the suit is filed may be the basis for the amount in controversy. * * * The cases have held that in a suit to recover payments, future installments are not directly involved and therefore may not be counted in the amount in controversy. * * * On the other hand, where the question is not disability of the insured, but the validity of the policy itself, then the total value of the policy may be counted in controversy in suits, for example, to reinstate a policy, to cancel it, or to enjoin its cancellation."

In Colorado Life Co. v. Steele, (8 Cir. 1938) 95 F.2d 535, the plaintiff sought to recover on a disability clause of a life insurance contract the accrued unpaid installments, attorney's fees, 12 per-

cent interest, and alleged "that the insurer committed a 'breach of said contract' by refusing to pay further monthly installments and the hospital expense; that 'by reason of the breach of said contract of insurance, plaintiff is entitled to recover of the defendant the sum of $28,800.00 based upon the life expectancy of the plaintiff.'" The Court of Appeals held that the facts did not establish either a renunciation or abandonment of the contract by the insurer even though the complaint sought to recover future installments because of the alleged breach of contract. The court at page 537 stated:

"Even if the petition be intended as the former, the petition shows neither a repudiation of the policy nor such a breach of its provisions as to make conditional and future benefits the measure of recovery. The facts pleaded show no renunciation or abandonment of the contract by the insurer. They show merely a refusal to continue payment after the four installments. 'For breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the commencement of the suit' (New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678, 56 S.Ct. 615, 617, 80 L.Ed. 971). Therefore, the action must be regarded as one for the unpaid installments."

The Court of Appeals, in declining to consider the future installment benefits in computing the jurisdictional amount (or as is sometimes stated the value of the policy), made the following statement with respect to determining the jurisdictional amount, at page 536:

"Usually, the amount claimed in a petition governs as to jurisdictional amount. This is, however, not universally true. One exception to the rule is where the face of the petition shows that there could not possibly be recovery of a sum equal to the jurisdictional amount—that is, if from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the petition at a sum larger than the jurisdictional amount." (Citing cases.)

In New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971 (1936), which was relied upon by the Eighth Circuit Court of Appeals to sustain the above quoted portion, the policyholder had been paid some monthly benefits under the policy for his total disability. The insurer declined to make further payments because it had determined that the insured was no longer disabled within the terms of the policy. Thereafter the policyholder failed to pay the premium due and the company notified the policyholder that the policy lapsed. The plaintiff sought to recover the value of the policy based upon the projected future installments, taking the position that the defendant insurer's conduct constituted "a repudiation and denunciation of the entire contract." (P. 675 of 297 U.S., p. 616 of 56 S.Ct.).

The declaration or complaint in Viglas contained two counts. The first count was for the recovery of cash surrender value of the policy. In the second count the plaintiff Viglas sought to recover damages for the total benefits that will be payable to him during the period of his expectancy of life under the American Table of Mortality, "if he lives that long and is disabled continuously." The damages so computed were $15,900. The defendant demurred to both counts, stating in the demurrer that the declaration sets forth a cause of action for the benefits and premiums accruing prior to the date of the writ, and for nothing in excess thereof. In that view the recovery could only be $98 which was less than the jurisdictional amount. The District Court sustained the demurrer and gave judgment for the defendant. The Court of Appeals, (1 Cir. 1935) 78 F.2d 829, reversed the District Court, but the Supreme Court reversed the Court of Ap-

peals and affirmed the judgment of the District Court. At page 678 of 297 U.S., at page 617 of 56 S.Ct., the court said:

"Viewing the case before us independently, we hold that upon the facts declared in the complaint the insurer did not repudiate the obligation of the contract, but did commit a breach for which it is answerable in damages."

With respect to the measure of damages the court stated the following rule:

"For breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the commencement of the suit."

As to the possibility in a proper set of facts of recovering the value of the policy, the court, beginning on page 679, 56 S.Ct. on page 617, stated:

"We have no thought to suggest an invariable rule whereby the full value of a bargain may never be recovered for any breach of contract falling short of repudiation or intentional abandonment. All depends upon the circumstances. Helgar Corporation v. Warner's Features, Inc., 222 N.Y. 449, 452, 453, 454, 119 N.E. 113. There may be times when justice requires that, irrespective of repudiation or abandonment, the sufferer from the breach shall be relieved of a duty to treat the contract as subsisting or to hold himself in readiness to perform it in the future. Roehm v. Horst, supra, 178 U.S. 1, at pages 17, 18 [20 S.Ct. 780, 44 L.Ed. 953]; Nichols v. Scranton Steel Co., 137 N.Y. 471, 487, 33 N.E. 561. Generally this is so where the contract is a bilateral one with continuing obligations, as where a manufacturer has undertaken to deliver merchandise in instalments. Norrington v. Wright, 115 U.S. 188 [6 S.Ct. 12, 29 L.Ed. 366]; Wolfert v. Caledonia Springs Ice Co., 195 N.Y. 118, 88 N.E. 24, 21 L.R.A. (N.S.) 864. Even then, the rights that are his may depend upon the grounds of the rejection or the nature of the default, whether unintentional or wilful. Helgar Corporation v. Warner's Features, Inc., supra. On the other hand, a party to a contract who has no longer any obligation of performance on his side, but is in the position of an annuitant or a creditor exacting payment from a debtor, may be compelled to wait for the instalments as they severally mature, just as a landlord may not accelerate the rent for the residue of the term because the rent is in default for a month or for a year."

■ A determination of whether future payments, which might accrue and become due under a disability insurance policy, may be considered in the computation of the amount in controversy depends upon the answers to the following questions: (a) is the refusal of the insurer to pay the benefits based upon the good faith contention of the nonexistence of total disability of the insured, or (b) a denial of the vitality or validity of the contract which amounts to a complete repudiation or renunciation by the insurer. The first issue is usually referred to in the decisions as an issue involving the "extent of the obligation" under the policy as contrasted with a renunciation or repudiation of the policy. In the instant case the plaintiff alleged that he is "totally disabled," and that the obligation of defendant to pay the monthly benefits has accrued and become due and payable as promised in the policy as long as plaintiff is in fact totally disabled.

■ In Bree v. Mutual Benefit Health and Accident Ass'n, (E.D.Pa.1959) 182 F.Supp. 181, the insurer brought a declaratory judgment action. The court at page 183 stated the applicable rule to be applied in the computation of the jurisdictional amount as follows:

"The question of the validity or the vitality of the policies is not in issue. It is clear that an insurer's mere failure to pay monthly benefits when due does not amount to a breach of the policy in its entirety.

\* \* \* Only the extent of the obligation of each defendant [more than one insurance policy involved] under the policies is involved here. Under these circumstances potential benefits subsequent to the filing of the complaint may not be taken into consideration in ascertaining the amount in controversy. New York Life Ins. Co. v. Viglas, 1936, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535. The fact that a declaratory judgment is sought does not require a different conclusion."

In Bree, as well as in New York Life and Colorado Life, some payments had been made under the policies, and the insurers subsequently had declined to make the payments which had accrued on the ground that the insured was not disabled within the terms of the policy. This is the key element in determining whether the issue is the "extent of the obligation" or an anticipatory breach based upon "repudiation" or "renunciation" of the contract.

In Henderson v. National Fidelity Life Ins. Co., (10 Cir. 1958) 257 F.2d 917, an Oklahoma case, the insured sought to recover accrued past benefits as well as future benefits on the theory of anticipatory breach. The insurer made some disability payments under the contract and then declined to make further payments because of a contention that the insured did not continue to be disabled within the terms of the policy. The trial court sustained a motion to dismiss and gave judgment for the insurance company on the ground that the accrued benefits did not meet the requisite jurisdictional amount. It also held that recovery of future benefits as an element of the cause of action was determined by Oklahoma law. The Court of Appeals, in affirming the trial court, followed the general rule that future benefits cannot be recovered in an action on a policy where the breach falls short of repudiation or intentional abandonment, citing New York v. Viglas, supra, and Colorado

Life Co. v. Steele, supra. The Court of Appeals also stated that whether or not the alleged conduct amounts to an anticipatory breach which put the validity of the total contract in issue depended upon the substantive law of Oklahoma. Under the facts the court found no breach which amounted to a renunciation or repudiation and stated that the accrued unpaid benefits was the amount in controversy.

In White v. North America Accident Ins. Co., (10 Cir. 1963) 316 F.2d 5, the court again refused to allow the future benefits rule to be applied to compute the jurisdictional amount in a suit alleging anticipatory breach, citing Henderson v. National Fidelity Life Ins. Co., supra. In the White case, again some payments had been made, and the court seems to take the view that the failure of the insurer to make subsequent payments based upon a contest as to continuing disability renders the issue one of extent of obligation and not an issue as to validity and thus recovery is limited to the accrued monthly payments, if any.

In Button v. Mutual Life Ins. Co. of N. Y., (W.D.Ky.1943) 48 F.Supp. 168, the court emphasized the fact that future liability depends upon a contingency, i. e., the existence of the disability. This contingency as well as the period of time it will exist demonstrates that the value of future benefits cannot be computed with any reasonable certainty.

The Supreme Court of Arkansas, in determining whether the plaintiff should recover the present value of future benefits, or the amount of the accrued monthly benefits as of the time of the trial, has been governed by the allgations of the complaint and the facts established at the trial.

In Metropolitan Life Ins. Co. v. McNeil, 192 Ark. 978, 96 S.W.2d 476 (1936), the insured sought to recover both past unpaid accrued benefits and the present value of future benefits on the theory of anticipatory breach. The court held that the issue was limited to one of the existence of the disability and a letter by the insurance company in which it notified the insured that it declined to pay future

monthly benefits did not constitute a renunciation. The amount in controversy was held to be limited to the recovery of accrued monthly installments unpaid at the time of trial. The court, with respect to the repudiation allegation, at page 983 of 192 Ark., at page 479 of 96 S.W.2d stated:

"We have never held that mere denial of liability under contracts of indemnity, unaccompanied by other attending facts and circumstances indicating abandonment, constitute a renunciation of such contracts by the insurer. Aetna Life Insurance Co. v. Phifer, 160 Ark. 98, 254 S.W. 335."

In Mutual Life Ins. Co. of New York v. Marsh, 186 Ark. 861, 56 S.W.2d 433 (1933), the contention was made that the insurance company's failure to pay monthly benefits because of the insurer's contention that the insured was not totally disabled within the provisions of the policy was not a repudiation of the contract. The court emphasized that the refusal to carry out the contract grew out of a dispute as to the facts based upon a contention that the insured was not disabled within the terms of the policy. The court, although stating that it recognized the rule that future benefits could be recovered if the contract had been repudiated, citing Aetna Life Ins. Co. v. Phifer, held under the facts that anticipatory breach was not established.

In Jefferson Standard Life Ins. Co. v. Slaughter, 190 Ark. 402, 79 S.W.2d 58 (1935), the defendant relied upon the theory of anticipatory breach, and the court stated that receiving a letter in which the insured advised that it declined to pay because of an alleged lapse of the policy because of nonpayment of premiums gave the insured an election to sue for the unpaid installments or breach of contract. At page 404 of 190 Ark., at page 59 of 79 S.W.2d the court stated:

"In addition to denying the liability upon the disability clause of the contract, the insurance company pleaded as one of the reasons therefor that the policy had lapsed by a failure to pay premium on November 17, 1921. The insurer disavowed the policy, and was insisting that it should not be bound thereby. This was not a dispute arising solely out of an alleged liability upon the disability clause of the policy about which there might have been a dispute. Prior to the time of the filing of the suit the insurance company, by letter, refused to consider the claim on account of the alleged lapse of the policy by reason of nonpayment of premiums. *The insured had his election in that case to sue for the amount that had accrued by reason of the disability, or to sue for breach of the contract which the insurer did not intend to perform.*" (Emphasis added.)

In Aetna Life Ins. Co. v. Phifer, 160 Ark. 98, 254 S.W. 335 (1923), the insured brought suit to recover past and future benefits on the disability clause of a life insurance policy. The insurer by letter advised the insured that its medical board had considered the claim and had arrived at the conclusion that the insured was not totally disabled within the terms of the policy. It further advised that because of nonpayment of past due premiums, it considered the policy lapsed. The Supreme Court of Arkansas stated that under the facts the insured was entitled to recover the present value of the future benefits of the policy which had provided for monthly payments of $20 for total disability. With respect to the claim of anticipatory breach, the court at page 105, at page 337 of 254 S.W. stated:

"This letter evinced an intention on the part of appellant not to be bound by the terms of the contract, and was equivalent to a renunciation thereof. It stated in express words that the policy had lapsed. This denial of liability justified appellee, who was not in default, in treating the contract as breached and suing

for gross damages, which he did. The measure of his damages was the amount appellant would have been required to pay him under the contract, if it had not breached it, reduced to its present value. According to the mortuary tables introduced in evidence, appellee had an expectancy of 28.18 years. The payment provided for in the contract of the $2,000 policy was $20 a month. The present value thereof, according to appellee's expectancy, was more than $1,000."

In Metropolitan Life Ins. Co. v. Harper, 189 Ark. 170, 70 S.W.2d 1042 (1934), the insured was allowed to recover past installments as well as the present value of future installments under a disability clause in a group insurance health policy. The proof showed that the insured wrote the insurer requesting proof of claim blanks, and in response thereto received a letter advising that the insurer was communicating with the group policyholder but did not send the claim blanks. The Supreme Court held that the failure of the insurance company to supply the proof of claim blanks entitled the insured to treat the contract as breached. At page 176 of 189 Ark., at page 1044 of 70 S.W.2d the court stated:

"The policy provides that the first installment will be paid upon receipt of due proof of disability. Appellant either accepted Wilson's communication as proof, or declined to furnish him blanks at that time, and did not at that time ask for any additional proof or information. Appellee had a right to treat this as a breach of the contract. If he was entitled to recover at all, liability attached on the 7th of April, and the suit was not brought until July 14th. Immediately on the bringing of the suit, the appellant was again advised of appellee's claim and the facts he relied on."

At the trial the facts were fully developed, and under the facts the court, in allowing the recovery of the present value of the future installments, at page 177, at page 1045 of 70 S.W.2d stated:

" 'The breach of the contract, the appellant company's refusal to pay under its terms, and denial of any liability thereunder, gave the insured the right to sue for gross damages for such breach of contract, and the court has held that the measure of such damages is the present cash value of the past and future installments of the weekly indemnity based on the life expectancy of the insured.' National Life & Acc. Ins. Co. v. Whitfield, supra; Aetna Life Ins. Co. v. Phifer, 160 Ark. 98, 254 S.W. 335."

In all of the cases above, with the exception of Aetna Life Ins. Co. v. Phifer, including all federal cases cited, at least one payment had been made under the disability policy in question. The Aetna case is the one relied upon in subsequent cases as establishing the cause of action for present value of future benefits on the anticipatory breach theory. The plaintiff in the instant action does not seek to recover the present value of the future installments under the disability clause. A claim within the rule as established in Aetna Life Ins. Co. v. Phifer is not alleged in the complaint.

The prayer of plaintiff, as disclosed by his complaint heretofore set forth, is for a money judgment against the defendant for the accrued unpaid past installments in the sum of $5,649.94, and "for the benefits in compliance with the terms of the policy." He does not seek to recover the present value of future benefits, and thus the fact that the plaintiff also alleged that he is entitled to "orders of this court directing the defendant insurance company to pay the monthly indemnity provided for under the terms of the policy for such time as the plaintiff continues to remain totally disabled from carrying on his vocation, the practice of medicine," does not increase the amount in controversy, because it is contingent upon the plaintiff's remaining totally disabled, and there is no allegation in the complaint to the

effect that the plaintiff is permanently disabled. On the contrary, the only allegation is that he "became totally disabled and has remained totally and completely disabled since February 4, 1963." Since the complaint alleges a claim for the accrued disability payments in default only, and such claim does not exceed the amount of $10,000, exclusive of interest and costs, the requisite jurisdictional amount is not in controversy.

Therefore an order is being entered today granting plaintiff's motion and remanding the case to the Circuit Court of Howard County, Arkansas, whence it was removed.