OPINION OF THE COURT
Gabrielli, J.
It has been the rule in New York that a party cannot recover more in a monetary judgment than is requested in his demand for relief (see, e.g., Michalowski v Ey, 7 NY2d 71, 75). Today we re-examine this principle and conclude that a motion made by a plaintiff to increase the amount of relief requested in the ad damnum clause of the complaint, whether made before or after the verdict, may be granted in the absence of prejudice to the defendant.
Plaintiff, the owner of a town house in Manhattan, alleged in her complaint that defendant Civetta Corinno Construction Corporation entered upon her rear yard in 1976 *21 and removed her patio, a brick wall and certain shrubbery in connection with its construction of a luxury highrise apartment building on the adjacent property. Damages on plaintiff’s third cause of action, sounding in trespass, were estimated in the ad damnum clause at $15,000.
In 1978, Special Term granted plaintiff’s motion for summary judgment against defendant Civetta on the third cause of action and directed that an assessment of damages be held. Following several adjournments, the hearing to assess damages was held in January, 1980. In the interim period, apparently in response to a request by defendant for an itemization of damages, plaintiff’s attorneys, by a writing dated March 19, 1979, detailed the elements of damages, stating, among other things, that total damages ; for the third cause of action were conservatively estimated ' at approximately $23,000. Thereafter, and some six months i prior to the hearing, defendant’s expert personally examined plaintiff’s property and received open responses to his inquiries of plaintiff and her attorneys concerning the elements and extent of the damage claimed.
At the outset of the hearing for assessment of damages plaintiff moved to amend the ad damnum clause “to the extent your Honor determines that the proof here today is greater than the ad damnum clause”. This motion was denied at that time. Later, and before the hearing concluded, plaintiff renewed her motion to conform the pleadings to the proof. It is claimed that the court’s response was unclear, but it is evident that the court reserved decision on the motion and concluded the hearing. Thereafter, Trial Term entered judgment in the amount of $26,118.* On appeal the Appellate Division modified the judgment, on the law, by reducing the award to $15,000, the amount originally claimed, the court concluding that postverdict motions to amend the ad damnum clause are prohibited.
In general, the courts have permitted amendments to the ad damnum clause prior to trial where no prejudice accrues to the opposing party (see, e.g., Zoizack v Holland Hitch Co., 58 AD2d 980; Hrusko v Public Serv. Coordinated *22 Transp. Corp., 40 AD2d 659). However, even these pretrial motions have encountered some resistance over the years (see, e.g., Peterson v Spartan Inds., 64 AD2d 958; Jimenez v Seickel & Sons, 22 AD2d 643; Koi v P. S. & M. Catering Corp., 15 AD2d 775). Postverdict motions to amend the ad damnum clause, on the other hand, uniformly have been denied (see Naujokas v Carey High School, 33 AD2d 703; Wyman v Morone, 33 AD2d 168; Silbert v Silbert, 22 AD2d 893, affd 16 NY2d 564). But, these denials have not been immune from criticism (see Wyman v Morone, supra [Cooke, J, dissenting]; Naujokas v Carey High School, 57 Misc 2d 175, revd 33 AD2d 703, supra-, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3017:7, p 116).
Few valid rationales have been advanced in support of the claimed general prohibition of postverdict ad damnum amendments. It has been suggested that one of the reasons behind this rule concerns the problem of a partially insured defendant (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3017:7, p 117). Under this theory, if the original demand for relief does not exceed the ceiling amount of defendant’s coverage, then the defendant is unlikely to retain his own attorney, but will instead permit the attorney furnished by the insurance company to conduct his entire defense. However, if plaintiff seeks an amount in excess of the defendant’s insurance coverage, then the defendant might be inclined to retain his own counsel. In such a case, if a postverdict change is made in the ad damnum clause, raising the amount sought above the limits of insurance coverage* it is of course too late for the named defendant to substitute or supplement trial counsel. Also possibly underlying the argument made against postverdict ad damnum amendments is the concern that the specification of a comparatively small sum in the original ad damnum clause might lull the defendant and his counsel into a false sense of security. We conclude today, however, that these difficulties, which may be present in only a small minority of cases, may not continue to serve as a justification for the blanket denial of all postverdict amendments to the ad damnum clause.
*23 One of the obvious goals of the CPLR was to liberalize the practice relating to pleadings. This notion is embodied in the language of CPLR 3017 (subd [a]), which provides in pertinent part that “ [e] xcept as provided in section 3215, the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just”. In the circumstances presented, the clear language of this section and CPLR 3025 (subd [c]), which provides that “[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence”, compels the conclusion that a court has discretionary power to permit the amendment herein granted and to allow an award in excess of the original ad damnum clause. We have recently held that motions to conform the pleadings to the evidence, made under CPLR 3025 (subd [c]) before or after judgment, are a matter within “the sound discretion of the court and should be determined in the same manner and by weighing the same considerations as upon a motion to amend pursuant to subdivision (b), except that under (c) the possibly increased effect on orderly prosecution of the trial might be a factor to be taken into account (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.26). Where no prejudice is shown, the amendment may be allowed ‘during or even after trial’ (Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498, 502; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3205:15, p 487; cf. Brecher v Brecher, 27 NY2d 986, 987; Dransfield v Eastern Seaboard Warehouse Corp, 43 AD2d 569, 570)” (Murray v City of New York, 43 NY2d 400, 405). The principle laid down in Murray is, of course, equally applicable to amendments to the ad damnum clause. Thus, in the absence of prejudice to the defendant, a motion to amend the ad damnum clause, whether made before or after the trial, should generally be granted.
Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position (Wyman v Morone, *24 33 AD2d 168, 172 [Cooke, J, dissenting], supra). In the present case it is abundantly clear that no such prejudice existed. Several months before the hearing on damages defendant was informed by letter that plaintiff considered her damages to be well in excess of the amount first specified in the ad damnum clause. In addition, and also in advance of the hearing, defendant’s expert was granted access to plaintiff’s premises to inspect the items of damage claimed. Furthermore, defendant has failed utterly to indicate that any significant prejudice eventuated. We must conclude, therefore, that Trial Term did not abuse its discretion, as a matter of law, in entering judgment in excess of the amount originally set forth in the ad damnum clause.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for a review of the facts.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

 By so entering judgment in this amount, the court obviously considered and granted the motion upon which it had reserved decision.