■ AIDA LEVINE, Respondent, v ANGEL PRADO, Defendant, and MEDICAL ARTS CENTER HOSPITAL, Appellant. — Order of the Supreme Court, Bronx County (Irwin Silbowitz, J.), dated February 8, 1983, which granted a motion by defendant Medical Arts Center Hospital for reargument of an order dated May 25, 1982 and, upon reargument, adhered to its prior determination denying defendant's motion for leave to serve an amended answer interposing the affirmative defense of the Statute of Limitations, is unanimously modified, on the law and in the exercise of discretion, without costs or disbursements, to the extent of granting defendant's motion for leave to serve an amended answer and otherwise affirmed. Some 15 months after joinder of issue and more than 10 months following service of plaintiff's bill of particulars, defendant moved to amend its answer to include an additional affirmative defense based on the Statute of Limitations. Then, more than six months after Special Term's denial of its motion, defendant moved for reargument. Although defendant in both instances permitted an inexplicably lengthy time to elapse before submitting its motions, we do not agree with the court's determination that defendant's conduct constituted gross laches such as would render inapplicable the rule that leave to amend under CPLR 3025 (subd [b]) "shall be freely given" absent prejudice or surprise arising out of the delay. (*Fahey v County of Ontario,* 44 NY2d 934; see, also, *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18.) Since plaintiff has not demonstrated any real prejudice as a result of the delay involved, Special Term should have granted the motion to amend. Concur — Sullivan, J. P., Ross, Fein, Milonas and Alexander, JJ.