(August 23, 1984)

■ CURTIS TESKA, an Infant, by His Father and Natural Guardian, ARTHUR TESKA, et al., Respondents, v NEW YORK HOSPITAL-CORNELL MEDICAL CENTER et al., Defendants, and RUSSELL PATTERSON et al., Appellants. — Order, Supreme Court, New York County (David Edwards, J.), entered June 17, 1983, denying the motion of defendants Drs. Patterson and Markenson for leave to amend their answers to assert the affirmative defense of the Statute of Limitations reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion for leave to amend is granted.

In this medical malpractice action the defendants Drs. Patterson and Markenson moved some four months after service of their original answers for leave to serve amended answers adding the Statute of Limitations as a defense to the second cause of action. Special Term denied the motion on the ground that the right to assert this defense was waived by the failure to raise it either by motion or in the original pleadings, citing CPLR 3211 (subd [e]). We disagree and accordingly reverse the order appealed from, and grant the motion for leave to serve appellants' amended answers.

The issue presented in this appeal is controlled by CPLR 3025 (subd [b]), which provides in pertinent part with respect to amendments to pleadings that "[l]eave shall be freely given upon such terms as may be just". No prejudice to the plaintiff is disclosed by the record. The accompanying affidavits disclose a satisfactory reason for the delay in seeking to interpose the affirmative defense. It is clear that a meritorious defense is stated if the facts asserted in the proposed defense are confirmed. The circumstances accordingly provide no support for departing from the clear mandate set forth in the above-quoted language from CPLR 3025 (subd [b]). (See *Fahey v County of Ontario,* 44 NY2d 934; *Levine v Prado,* 97 AD2d 741; *Welwart v Lanes Pharmacy,* 54 AD2d 759.) Concur — Murphy, P. J., Sandler, Carro, Silverman and Kassal, JJ.