■ JOHN TRACZ, Respondent, v FRANK SCHAFER et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 26, 1984 in Warren County, upon a decision of the court at Trial Term (Ford, J.), without a jury.

Defendants Frank Schafer and Richard J. Stanley are the principal stockholders of defendant Schenectady Professional Baseball Team, Inc., which operates the Glens Falls White Sox, a minor league baseball team based in the City of Glens Falls, Warren County. Plaintiff was hired as general manager of the team and the terms of his employment were delineated in a letter dated February 3, 1980 from defendant Stanley. Plaintiff was to begin work on February 15, 1980 and was provided with a choice of compensation plans from which he was free to choose. There is no substantial dispute that plaintiff chose to be compensated under the option which provided, "Monthly salary of $850 for 12 months plus 20% of teams [sic] gross profit as calculated by you", the "you" referring to plaintiff. Plaintiff's employment was terminated as of November 30, 1980, but it was disputed whether plaintiff resigned or was fired. After this time, defendants did not pay any monthly wages and further failed to pay 20% of the team's gross profit.

Plaintiff commenced this breach of contract action to recover the lost wages and unpaid 20% of the team's gross profit. Defendants denied the material allegations of the complaint and asserted four counterclaims, three of which were withdrawn. After a nonjury trial, Trial Term found that plaintiff's contract was for 12 months and that plaintiff had been discharged by defendants without just cause, and concluded that plaintiff was entitled to receive compensation pursuant to the terms of the contract. Trial Term thus awarded plaintiff $23,264, plus interest and costs, which represented the balance of the 12 months of wages and 20% of the team's gross profit as calculated by plaintiff and his expert.[1] Trial Term also dismissed defendants' counterclaims. From the judgment entered thereon, defendants appeal.[2]

We find no merit to defendants' contention, phrased in various ways, that Trial Term should have considered parol evidence to determine the intent of the parties as to the meaning of "gross profit". The terms of plaintiff's compensation plan is clear and unambiguous and it is not necessary to resort to parol evidence to determine the parties' intent (22 NY Jur 2d, Contracts, § 188, pp 22-23). Plaintiff was permitted, under the express language of his compensation plan, to calculate the team's gross profit in any way he chose and he is now exercising his authority to so choose. As Trial Term found and as the record reflects, the method chosen by plaintiff in his unfettered discretion is not patently erroneous. Indeed, whereas plaintiff's expert calculated gross profit, defendants' experts derived "net profit" and "net income before taxes". Furthermore, in view of his broad authority under his compensation plan, it does not matter that plaintiff might have calculated gross profit in some other manner at some other time, especially in light of the fact that the parties never agreed on any particular method of calculating gross profit. Accordingly, it was not necessary for Trial Term to consider parol evidence and not error for Trial Term to calculate gross profit in the manner advanced by plaintiff.

We also conclude that Trial Term did not err in granting plaintiff's motion to increase the *ad damnum* clause from $20,000 to $40,000. There is nothing in the record to support defendants' claim that they were prejudiced thereby and, thus,

1. Although the 12-month contract would have run until February 15, 1981, plaintiff was not awarded any amount for February, 1981, as Trial Term found that the contract made no provisions to prorate the monthly wage. Trial Term further accepted certain of defendants' modifications of the calculation of gross profit. Plaintiff does not challenge these determinations.

2. On this appeal, defendants do not challenge the dismissal of their counterclaims.

the motion was properly granted (see, e.g., *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23-24).

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.