(dissenting). Because I believe the amendment to the petition cannot, under any rationale, be considered jurisdictional, I respectfully dissent. It is conceded that the requested amendment would create no prejudice to the assessing authority. This, coupled with the rules of modern pleading, which allow liberal amendments absent prejudice, as demonstrated by our recent precedents, would seem to compel the granting of the amendment sought.
Grant Co. v Srogi (52 NY2d 496) controls. There, we held "that where the evidence establishes a value lower than that alleged in the petition, a court can reform the petition to conform with the proof and order the appropriate reduction” (52 NY2d, at p 513). In reaching that conclusion, a majority of our court considered the overriding purpose of tax certiorari proceedings to carry out the legislative mandate that property not be assessed in excess of full *129 value, and held that such considerations outweigh slavish adherence to technical rules of pleading.
We more recently reached a similar conclusion in a nontax certiorari context, noting that one of the main purposes of the adoption of the CPLR, the provisions of which relating to amendment of pleadings control the present proceeding (cf. CPLR 103 [b]; RPTL 700 [2]), was to liberalize the former practice. We concluded that "in the absence of prejudice to the defendant, a motion to amend the ad damnum clause, whether made before or after the trial, should generally be granted” (Loomis v Corinno Constr. Corp., 54 NY2d 18, 23, rearg denied 55 NY2d 801). In the present case, a fortiori, where the trial has not begun, the denial of the motion absent any claim of prejudice constituted an abuse of discretion.
Judges Jasen, Alexander and Titone concur with Judge Simons; Chief Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Meyer and Kaye concur.
Order affirmed, etc.