■ Board of Education Plainview-Old Bethpage Central School District, Respondent, v Celotex Corp., Appellant, et al., Defendant. (And a Third-Party Action.)—In an action, *inter*

*alia,* to recover damages for breach of warranty, the defendant Celotex Corp. appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 6, 1988, which granted the plaintiff's motion to increase the ad damnum clause of the complaint and denied its cross motion, *inter alia,* for partial summary judgment dismissing the plaintiff's cause of action to recover damages for breach of warranty.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the cross motion by the defendant Celotex Corp. which was to dismiss the plaintiff's cause of action for breach of warranty, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff school district contracted with the defendant Celotex Corp. (hereinafter Celotex) to provide roofing materials to be used by the defendant Prestige Roofing & Siding Co., Inc. In conjunction with the purchase of the Celotex roofing materials, the plaintiff procured from Celotex a renewable 10-year "Roof Inspection and Service Contract" under which Celotex covenanted that, upon notice to it by the plaintiff of leaks, it would inspect the roof and if it found the cause of such leaks to be deterioration of the Celotex roofing membrane or Celotex base flashing, errors or mistakes in workmanship of the roofing contractor in the application of the Celotex material, or any of the other enumerated causes of leaks, it would arrange for repairs to be made at no cost to the plaintiff. Within the initial 10-year contract period, the plaintiff experienced leaks from the Celotex roof, which it alleged Celotex failed to repair despite repeated demands. As a result of the failure of Celotex to repair the roof, allegedly in violation of the terms of the service contract and in breach of an implicit 10-year warranty based upon the contract, the plaintiff sustained further damage to the roof and suffered damages to the interior of the building and to personal property within the building. Subsequent to the commencement of the instant action and allegedly as a result of the failure of Celotex to promptly repair the leaks when notified, the plaintiff was forced to replace the entire roof as well as make interior repairs and replace certain items located inside the building. The plaintiff then moved to increase the ad damnum clause of the complaint to include the cost of replacing the roof, interior ceiling tiles, damaged school textbooks, lighting fixtures, etc. The court granted the plaintiff's motion. The court also denied those branches of Celotex' cross motion

which sought to preclude the plaintiff from proving damages in excess of $4,095.20 (the total of previously documented expenditures made by the plaintiff to *repair* roof leaks), to dismiss the plaintiff's warranty claims and to limit it to recovery for breach of the service contract.

An examination of the contract at issue herein reveals that Celotex made no separate warranties or guarantees; it merely promised to inspect, repair, and reimburse for repairs of the roof. Thus, Celotex is correct in alleging that the only warranty applicable to the transaction was the warranty of fitness implied in law under Uniform Commercial Code § 2-315. However, claims under that warranty are time barred *(see,* UCC 2-725 [1]). Thus, Celotex is correct in its contention that the plaintiff may not allege breach of warranty.

However, insofar as the complaint also states a valid cause of action against Celotex for breach of contract, which was timely interposed, the complaint cannot be dismissed in its entirety as asserted against Celotex.

Finally, the plaintiff's motion to increase the ad damnum clause was properly granted *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 21, 23, *rearg denied* 55 NY2d 801), and there is no legal basis for limiting the plaintiff's damages to $4,095.20. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.