**Betys GREENSPON, Plaintiff,**

v.

**SUPERMARKETS GENERAL CORPORATION, Defendant.**

**No. 87 Civ. 7029 (RPP).**

United States District Court, S.D. New York.

Sept. 4, 1990.

David Jaroslawicz, New York City, for plaintiff.

Kral Clerkin Redmond Ryan Perry & Girvan, William G. Kral, Mineola, N.Y., for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

■ Plaintiff applies pursuant to Rules 15(a) and (b) of the Federal Rules of Civil Procedure to amend the *ad damnum* to reflect a claim for punitive damages and to amend its complaint to increase its claim for compensatory damages to 4 million dollars. Plaintiff's present *ad damnum* is for 1 million dollars in compensatory damages. Such amendments are to be liberally permitted unless there is prejudice to a party. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Loomis v. Civetta Construction Corp.*, 54 N.Y.2d 18, 444 N.Y.S.2d 571, 429 N.E.2d 90 (1981).

■ Plaintiff seeks damages in this three-year old case for an injury arising out of an accident in a Rickels Home Improvement Center doorway. Defendant's claims against the third-party defendants—the manufacturer of the door, a maintenance and service company, and a distributor of such doors—were dismissed in Federal Rule of Civil Procedure 56 motions on April 10, 1990, 735 F.Supp. 85.

While the third-party defendants' motions for summary judgment were pending, the plaintiff filed an affidavit requesting the Court to grant it summary judgment against defendant based on the materials submitted on the third-party motions. The Court stated in the April 10, 1990 decision that it would grant plaintiff summary judgment *sua sponte* on the issue of defendant's liability for simple negligence, unless the defendant submitted papers demonstrating that the plaintiff was not entitled to such relief within ten days after the entry of the decision. Defendant did not file any papers contesting this decision of the Court.

In view of this sequence of events, the Court finds that defendant will be prejudiced if the Court were to grant leave to plaintiff to assert punitive damages. Plaintiff has made no claim for punitive damages in either the proposed pretrial order or in its pleadings. Accordingly, defendant has prepared for trial as if it would not have to call any fact or expert witness on the mooted liability phase of the trial. If punitive damages are in issue, such witnesses would have to be called. In addition, a punitive damages claim might be deemed by the jury to be validated, due to the fact that, in view of plaintiff's successful motion for partial summary judgment, the jury will be apprised that the issue of ordinary negligence is no longer before the jury. Indeed, defendant affirms that its decision not to file papers in connection with the Court's *sua sponte* grant of summary judgment on the liability issue was based in part on plaintiff's claim being one solely for simple negligence. Accordingly, the motion to amend the *ad damnum* to assert a claim for punitive damages is denied.

■ The same considerations do not apply to plaintiff's application to increase its *ad damnum* to 4 million dollars. In connection with that aspect of these motions, defendant argues that it will be prejudiced if the *ad damnum* clause is raised to 4 million dollars because the carrier for liability in excess of 1.5 million dollars has never been notified of the claim in view of plaintiff's 1 million dollar *ad damnum*. This reason does not constitute sufficient prejudice to defendant to support a denial of plaintiff's application. Defendant has always been aware that the plaintiff was a handicapped person for whom the accident might have significant consequences. Plaintiff's application to increase the *ad damnum* to 4 million dollars for actual damages is granted.

IT IS SO ORDERED.