■ DAVID REID et al., Respondents-Appellants, v WEIR-METRO AMBULANCE SERVICE, INC., et al., Appellants-Respondents. [595 NYS2d 40] —Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered June 20, 1991, awarding plaintiffs a total of $1,626,038 in damages, unanimously modified, without costs, on the law, to reduce the total award to the limit of the ad damnum clause of the complaint ($1,100,000), otherwise affirmed, and the case remanded for recomputation and settlement of the judgment in accordance with CPLR 5041. Appeal from the post-verdict order of the same court, entered February 7, 1992, with regard to resettlement of the judgment, is dismissed as academic.

In this personal injury action, plaintiff David Reid won a jury verdict in the amount of $75,000 for past pain and suffering, $333,500 for future pain and suffering, $115,632 for past lost earnings, and $1,221,577 for estimated future lost earnings, for a total of $1,745,709. His wife, plaintiff Patricia Reid, was awarded $250,000 for loss of services. In its judgment, the court reduced the components of the award for David to $40,000, $200,000, $76,961, and $1,209,077, respectively, and for Patricia to $100,000.

The judgment in David's favor exceeds the complaint's demand of $1,000,000 for his damages. A motion to amend the ad damnum clause, even after the verdict has been rendered, is addressed to the discretion of the trial court *(Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). Here, unlike in *Loomis,* plaintiffs never did make a formal motion for that purpose, although there may have been some informal discus-

sion about it. Five days after the verdict was rendered, the court received plaintiffs' stipulated acquiescence to a reduced award, which still exceeded the pleaded demand. The ad damnum limitation issue never surfaced again, nor was reference made to it in any of the post-verdict motions in this record. In the absence of a formal motion to amend the ad damnum clause, damages must be limited to the amount sought in the complaint (17 E. 80th Realty Corp. v 68th Assocs., 173 AD2d 245, 249).

Even were we not limited by the ad damnum clause, we would nevertheless reduce the award for future earning capacity as excessive, in light of this record. David's union official testified that David's wages and fringe benefits would have amounted to no more than $622,564.80 over the next 10 years. Allowing for inflationary increases and reasonable opportunity to earn more than the minimum wage, based on David's work experience, plaintiffs calculate the projection at $1,026,456, which—it should be noted—is still $182,621 less than the trial court's award on this component of the judgment. At the very least, a reduction of this component to $1,026,456 would have trimmed David's overall award to $1,343,417.

We have examined the other issues raised on this appeal and cross appeal, and find them to be without merit. Concur—Carro, J. P., Wallach, Asch and Kassal, JJ.