■ GLEN SCORZA et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 88441.) [711 NYS2d 452] —In a claim to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Court of Claims (Patti, J.), dated March 8, 1999, which, upon a prior order of the same court, dated October 13, 1994, granting the claimants' motion for summary judgment on the issue of liability and after a nonjury trial on the issue of damages, directed the entry of a structured judgment pursuant to CPLR article 50-B, and (2) a judgment of the same court, dated April 8, 1999, which is in favor of the claimants and against it in the principal sum of $4,313,135.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and the order dated March 8, 1999, is vacated, unless, within 30 days after service upon them of a copy of this decision and order with notice of entry, the claimants shall serve and file in the Office of the Clerk of the Court of Claims a written stipulation consenting to reduce the verdict as to damages for (1) future lost earnings from $2,021,022 to $1,000,000, (2) past pain and suffering from $285,000 to $150,000, (3) future pain and suffering from $810,000 to $350,000, (4) future household services and medical expenses from $650,000 to $300,000, and (5) the claimant Maureen Scorza's derivative claim from $395,000 to $100,000, and to the entry of an appropriate amended judgment in accordance herewith; in the event that the claimants so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, the order dated March 8, 1999, is modified accordingly, and the matter is remitted to the Court of Claims for a new hearing pursuant to CPLR article 50-B.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the claim (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

While working at a construction site on the New York State Thruway, the claimant Glen Scorza, a carpenter, fell from a scaffold. He and his wife, the claimant Maureen Scorza, commenced this claim against the defendant New York State Thruway Authority to recover damages for the injuries he sustained in the fall. The Court of Claims granted the claimant summary judgment on the issue of liability pursuant to Labor Law § 240. A nonjury trial was held on the issue of damages. The court awarded a total of $3,918,135 to Glen Scorza and $395,000 to Maureen Scorza on her derivative claim, for a total of $4,313,135, and structured the judgment pursuant to CPLR article 50-B.

The Court of Claims improvidently exercised its discretion in amending the ad damnum clause of the claimants' claim by increasing the $3,000,000 requested on behalf of Glen Scorza to the total amount of damages awarded. The claimants never moved to amend the ad damnum clause (*see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18; *Reid v Weir-Metro Ambulance Serv.,* 191 AD2d 309) and, as indicated by our reduction of the awards for future lost earnings and past and future pain and suffering, the amendment was not supported by the trial evidence.

The damages awarded were excessive to the extent indicated, in that they deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendant's remaining contentions are either without merit or need not be reached in view of our determination herein. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.