**Sik To CHEUNG, Plaintiff,**

v.

**The UNION CENTRAL LIFE INSURANCE COMPANY, Defendant.**

**No. 03 Civ.2580 LAK.**

United States District Court, S.D. New York.

June 11, 2003.

---

**22.** *Juarez v. Nelson,* 133 N.M. 168, 61 P.3d 877, 882 (Ct.App.2002).

Sik To Cheung, Plaintiff pro se.

Rajiv K. Batra, Del Mauro, DiGiaimo, Knepper & Heck, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action was commenced in the New York Supreme Court, County of New York, and removed by defendant to this Court. Plaintiff now moves to remand on the ground that the matter in controversy is less than the $75,000 minimum jurisdictional amount.

### Facts

The basic controversy between these parties revolves around defendant's cancellation of plaintiff's thirty annual payment life insurance policy of a face amount of approximately $31,657 for non-payment of premium at a time when, plaintiff alleges, the cash value of the policy was sufficient to pay the premium and defendant was obliged by an automatic premium loan provision in the policy to loan plaintiff the premium against that cash value.

On October 1, 2002, plaintiff sued defendant in the state court in a prior action. The complaint alleged that the cash value of the policy at the date of cancellation was $13,802.45 and that the policy had a value of $213,538. It sought compensatory damages in the amount of $213,538 among other relief. Defendant removed the action to this Court, where it was assigned number 02 Civ. 8348. Plaintiff's motion to remand was denied whereupon plaintiff sought and obtained a voluntary discontinuance.

A few months later, plaintiff brought this action against defendant, again in state court. The complaint is largely identical to that in the earlier action. This

time, however, plaintiff alleges that the value of the policy was not $213,538, but $70,000. He seeks, among other things, reinstatement of the policy or, alternatively, compensatory damages of $70,000 "and other remedies the Court deems fair and just." In an attachment to the complaint, plaintiff asserts that he elected the endowment option of the policy and that the net endowment benefit distributable at maturity (when he would be 67 years of age) would be $88,761.42.[1] Following the removal of this new action by defendant, plaintiff has moved to remand.

Defendant argues that the requisite amount in controversy is present, notwithstanding that plaintiff seeks reinstatement of the policy which he values at $70,000 or, alternatively, compensatory damages of only $70,000 on several theories. It points to (1) the plaintiff's calculation, set forth in an exhibit to the complaint, of an endowment value of the policy at maturity of $88,761.42, (2) the allegation in the prior action of a policy value of $213,538, (3) plaintiff's avowed intention of avoiding litigation in the federal courts, and (4) the inconclusiveness of the amount of plaintiff's tort damage demand.

### Discussion

■ The standard governing a removing defendant's burden where the plaintiff challenges the jurisdictional amount appears to be open in this circuit. That adopted by the Fifth Circuit and endorsed by leading commentators appears to be appropriate the plaintiff's claim is presumptively correct unless the defendant shows by a preponderance of the evidence that the actual amount in controversy exceeds the minimum jurisdictional amount.[2] Mere statement of the principle does not resolve the problem before the Court. Nevertheless, plaintiff's motion to remand should be denied on at least two bases.

### The Value of the Object in Controversy

"[T]he amount in controversy is said to be measured ... by the value of the right that the plaintiff seeks to enforce or to protect against the defendant or the value of the object that is the subject matter of the action."[3] The question therefore is whether defendant has established that the value of reinstatement of the policy to the plaintiff exceeds $75,000 notwithstanding that neither the face amount nor the cash value of the policy, regardless of which side's version is accepted, approaches that figure.

■ In *Beacon Construction Co. v. Matco Electric Co.*,[4] our Circuit wrote in a somewhat related context as follows:

"We agree with appellee that the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation. [citation omitted] In a declaratory judgment action involving the validity of a contract, a situation somewhat analogous to this case, it was held

1. Cpt Ex. D.
   Plaintiff asserts also that the total distribution of the endowment at age 95, an age he believes he will attain, would be $213,538. *Id.*

2. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995); 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCE-

DURE: JURISDICTION AND RELATED MATTERS § 3725, at 89–90 (3d ed.1998).

3. 14B CHARLES ALAN WRIGHT ET AL., *supra* § 3708.

4. 521 F.2d 392 (2d Cir.1975).

that the entire value of the contract determined the amount in controversy rather than instalments under the contract or possible damages. [citation omitted] Similarly, it has been held that the entire value of an insurance policy determines the jurisdictional amount rather than the premium due or paid under the insurance contract. [citation omitted]."[5]

As the Fifth Circuit has said, "where an insurer seeks to cancel insurance policies it has written, the value of the matter in controversy is the face value of the policy."[6]

These cases are instructive. Where an insurance carrier seeks to cancel a life insurance policy, the amount in controversy arguably is its cash value as of the date of filing of the complaint on the theory that the insured was alive at that date and the insured's only right at that time was to surrender the policy for cash. Many contingencies may intervene and prevent the carrier from being obliged to pay the face amount—e.g., the cancellation of the policy for non-payment of premium. The holdings that the face amount nevertheless controls, however, necessarily imply that these contingencies are immaterial—what matters is the maximum potential adverse consequence to the carrier in the event the policy remains in force.

This view is not unreasonable. Insurance is purchased to protect against adverse risks, so the amount the carrier ultimately may be called upon to pay is a defensible measure of the value of the policy. And this is strongly supported by *Wilbert v. Unum Life Insurance Co.*, which held that the amount in controversy where insureds sought reinstatement of disability insurance policies was the sum of the benefits potentially payable.[7]

■ Plaintiff here asserts that the endowment value of the policy—presumably, the cash surrender value at the end of thirty years, assuming payment of all premiums—would be in excess of $88,000. By reasoning in parity to that of the cases referred to above, the matter in controversy is more than $75,000, exclusive of interest and costs.

*Unliquidated Tort Claim*

Another problem with plaintiff's position is that some part of his claim is for compensatory damages separate and apart from the cash value of the policy at the date of cancellation. He previously put that amount at over $200,000. He now puts it below $70,000. The fact of the matter, however, is that plaintiff's pleaded demand is of modest significance.

Section 3017 of the New York Civil Practice Law and Rules requires that a complaint contain a demand for relief. In *Loomis v. Civetta Corinno Construction Corp.*,[8] however, the New York Court of Appeals held that the amount demanded in the prayer for relief may be amended, even after verdict, in the absence of prejudice to the defendant.[9] Thus, the prayer

**5.** *Id.* at 399.

**6.** *Duderwicz v. Sweetwater Sav. Ass'n,* 595 F.2d 1008, 1014 (5th Cir.1979).

**7.** 981 F.Supp. 61, 64 (D.R.I.1997). *Accord, Holt v. Continental Cas. Co.,* 239 F.Supp. 281, 283 (W.D.Ark.1965).

**8.** 54 N.Y.2d 18, 444 N.Y.S.2d 571, 429 N.E.2d 90 (1981).

**9.** *Id.,* 54 N.Y.2d at 23, 444 N.Y.S.2d at 573, 429 N.E.2d 90.

cannot be counted upon to limit the amount of damages that may be awarded under New York law.

■ In these circumstances, a removing defendant should not be bound for jurisdictional purposes by the plaintiff's demand for relief.[10] As the amount demanded in the complaint does not reliably limit the extent of the defendant's exposure, this Court holds that the matter in controversy cannot be so limited. The case therefore is controlled by *Tongkook America, Inc. v. Shipton Sportswear Co.,*[11] where the Circuit said "that when a plaintiff is seeking unliquidated damages in a tort action, a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the statutory amount."

*Conclusion*

For the foregoing reasons, the motion to remand is denied.

SO ORDERED.

---

**10.** *E.g.,* 14C CHARLES ALAN WRIGHT ET AL., *supra* § 3725, at 98–99.

**11.** 14 F.3d 781, 785 (2d Cir.1994).