■ STATE NATIONAL INSURANCE Co., as Subrogee of IMAGE CLOTHING, INC., Appellant, v JACK BERAKHA, Respondent. [802 NYS2d 149]—

Order, Supreme Court, New York County (Karen Smith, J.), entered January 26, 2005, which, in an action for property damage by an insurer, as subrogee of a tenant, against a landlord,

granted the landlord's eve-of-trial motion to amend his answer so as to add the affirmative defense of waiver of subrogation, granted the landlord's motion for summary judgment based on that defense, and denied the insurer's cross motion to preclude the landlord from offering his insurance policy as evidence at trial, unanimously affirmed, with costs.

The insurer argues that the late amendment, coupled with the landlord's failure, indeed refusal, to disclose his own insurance policy containing the requisite reciprocal consent to waiver of subrogation, until the eve of trial, caused it prejudice. We do not see how prejudice ensued, absent argument by the insurer that the action could have survived a timely interposed waiver of subrogation defense. The insurer fails to state what measures it could not now take in support of its position that it could have taken had the landlord timely interposed his waiver defense and timely responded to the demand for a copy of his insurance policy (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]). Nor can the insurer, which was at all times aware of the lease provision waiving subrogation and of the provision in its own policy recognizing the lease waiver, claim surprise that the landlord's policy contained a similar clause. Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.