State of New York v Sugar Cr. Stores, Inc. (2020 NY Slip Op 00940)





State of New York v Sugar Cr. Stores, Inc.


2020 NY Slip Op 00940


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


115 CA 19-01521

[*1]STATE OF NEW YORK, PLAINTIFF-RESPONDENT,
v
SUGAR CREEK STORES, INC., DEFENDANT-APPELLANT. 






ROBERT J. SANT, ROCHESTER, FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered January 4, 2019. The order, among other things, granted that part of plaintiff's motion seeking leave to amend the complaint and denied defendant's cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action pursuant to Navigation Law article 12, defendant appeals from an order that, inter alia, denied its cross motion insofar as it sought summary judgment dismissing the complaint or, in the alternative, preclusion of certain evidence as a spoliation sanction. We affirm.
Contrary to defendant's contention, Supreme Court properly denied defendant summary judgment dismissing the complaint because, while defendant met its initial burden of establishing its entitlement to judgment as a matter of law, plaintiff raised triable issues of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to defendant's further contention, the court did not abuse its discretion in denying preclusion as a spoliation sanction because defendant failed to establish that the underground storage tank at issue was damaged with a "culpable state of mind" (Estate of Smalley v Harley-Davidson Motor Co. Group LLC, 170 AD3d 1549, 1550 [4th Dept 2019] [internal quotation marks omitted]). Finally, we reject defendant's contention that the court abused its discretion in granting plaintiff's motion insofar as it sought leave to amend the ad damnum clause of the complaint (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23-24 [1981], rearg denied 55 NY2d
801 [1981]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court