■ EMPIRE STATE FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent, v COMMERCIAL UNION INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to recover the proceeds of a fire insurance policy, defendant appeals from an order of the Supreme Court, Westchester County, dated May 5, 1978, which denied its motion to dismiss the second cause of action (for punitive damages) on the ground of legal insufficiency. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Initially, it must be noted that a demand for punitive damages does not constitute a separate cause of action for pleading purposes *(Knibbs v Wagner,* 14 AD2d 987; *Dworski v Empire Discount Corp.,* 46 Misc 2d 844). Of more significance for present purposes, however, is the fact that the complaint, as it now stands, is lacking any factual allegations setting forth that type of gross, wanton or willful fraud or other morally culpable conduct upon which punitive damages may be awarded *(Borkowski v Borkowski,* 39 NY2d 982; cf. *Greenspan v Commercial Ins. Co. of Newark, N. J.,* 57 AD2d 387). Moreover, the record taken as a whole fails to demonstrate that the defendant in any way exhibited that high degree of moral turpitude which might justify the imposition of such damages (see *Luxonomy Cars v Citibank, N. A.,* 65 AD2d 549). On the contrary, defendant's answer is based upon allegations which, if proven, would constitute a valid defense (see *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.

■ GERTRUDE FASSNACHT, as Administratrix of the Estate of RICHARD FASSNACHT, Deceased, Respondent, v JEAN P. HARTMAN, Appellant.—In a medical malpractice action, defendant appeals from an order of the Supreme Court, Queens County, dated April 27, 1978, which denied his motion to either dismiss or correct the complaint, and granted plaintiff's cross motion requiring him to appear for an examination before trial. Order reversed, on the law, with $50 costs and disbursements, the cross motion is denied and the branch of the motion which sought to dismiss the complaint is granted. Plaintiff is granted leave to replead, if she be so advised, within 20 days after service upon her of a copy of the order to be entered herein, together with notice of entry thereof. In failing to particularize the material elements of plaintiff's claim, the complaint violated the requirements of CPLR 3013. It omits any reference to times or types of treatment; it fails to assert any facts supporting a claim for wrongful death; it fails to separately state and number its various causes of action, as required by CPLR 3014; and it fails to include the statement required by CPLR 3017 (subd [c]) that the damages sought exceed the jurisdictional limits of all lower courts. Furthermore, to require defendant to submit to an examination before trial at this stage and to bring with him all "relevant" records, constitutes a waiver of his right, under CPLR 3106, of priority of deposition, as well as his entitlement to a bill of particulars before he appears for such an examination. Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.