■ MICHAEL TARANTO, Respondent, v HENRY J. FRITZ, Appellant. — In an action, *inter alia,* to recover damages for breach of an oral contract of employment, the defendant appeals from an order of the Supreme Court, Nassau County (Niehoff, J.), dated September 19, 1980, which denied his motion to dismiss the causes of action asserted in the complaint. Order modified, on the law, by adding thereto, after the provision denying the motion, the following: "except that the branch of defendant's motion which seeks to dismiss the second cause of action (for punitive damages) is granted." As so modified, order

affirmed, without costs or disbursements. Special Term properly held that the oral agreement in question was not barred by the Statute of Frauds. The agreement provided, *inter alia,* for plaintiff to act as the general manager of defendant's automobile repair and body shop, in return for which defendant agreed to pay plaintiff a salary of $250 per week, plus extensive benefits. In addition, the defendant allegedly agreed that he would pay the plaintiff 25% of the gross receipts of the business and that plaintiff's "employment would be undertaken with a view to plaintiff's acquiring 25% of the business and all of its assets" if "after 6 months the relationship between the plaintiff and the defendant Fritz was successful and satisfactory to both parties." Moreover, the defendant agreed to pay the plaintiff a Christmas bonus of $1,000 in 1979. The Statute of Frauds requires an agreement to be in writing if "[b]y its terms [it] is not to be performed within one year from the making thereof" (General Obligations Law, § 5-701, subd a, par 1). In our view, the contract herein was fully capable of being performed within one year since, by its terms, it does not have to endure for longer than a year. The plaintiff could meet all of the conditions within a one-year period and the contract is terminable at will by either party (see *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; see, also, *Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Further, since the first cause of action alleges fraud, and the complaint alleges willful and malicious conduct on the part of the defendant, it was proper for Special Term to permit the plaintiff to seek punitive damages. However, the second cause of action, which was solely for punitive damages, should have been dismissed, and plaintiff permitted to seek punitive damages under the first cause of action (see *Greenberg Co. v Edgemont Condominiums,* 57 AD2d 861; cf. *Empire State Fed. Sav. & Loan Assn. v Commercial Union Ins. Co.,* 67 AD2d 676). Hopkins, J. P., Mangano, Margett and Thompson, JJ., concur.