■ NATIONAL BANK OF NORTH AMERICA, Respondent, v BROOK SHOPPING CENTERS, INC., Appellant, et al., Defendant. — In an action for a permanent injunction, defendant Brook Shopping Centers, Inc., appeals from an order of the Supreme Court, Westchester County (Beisheim, J.), dated November 14, 1983, which, *inter alia,* granted plaintiff's motion to discontinue the action.

Order affirmed, with costs.

Plaintiff National Bank of North America (NBNA) operates a branch at the Cross County Shopping Center in Westchester County pursuant to a lease agreement which was assigned to defendant Brook Shopping Centers, Inc. (Brook), the current owner of the shopping center. The lease contains a provision prohibiting Brook from leasing space in the shopping center to another commercial bank, but the geographical extent of that restrictive covenant is in dispute since, subsequent to the execution of the lease, the shopping center expanded beyond its original 63 acres. Brook rented space to codefendant Chase Manhattan Bank, N. A. (Chase), whereupon NBNA commenced this action seeking, *inter alia,* to have Chase enjoined from operating a bank at the shopping center. Brook answered and raised, as one of its affirmative defenses, its contention that the space leased to Chase was outside of the geographical scope of the restrictive covenant. No counterclaims were asserted by Brook. Chase also answered the complaint, but, after violating an order imposing conditional sanctions for failure to provide discovery, was subjected to the entry of a default judgment against it. The judgment against Chase permanently enjoined Chase from operating a bank at the subject location. On this appeal, Brook does not challenge the validity of the judgment against Chase.

Plaintiff NBNA subsequently moved for an order discontinuing its action and for related relief, which was opposed by defendant Brook, which cross-moved to amend its answer. Special Term originally denied the motion and cross motion with leave to renew. Plaintiff moved for renewal, said motion was granted, and, upon renewal, the action was discontinued. This appeal ensued.

Generally, a party will not be compelled to litigate a claim, and hence, absent special circumstances, a motion for discontinuance should be granted (*Tucker v Tucker,* 55 NY2d 378, 383).

Brook argues that its claimed right to lease space in the shopping center to other commercial banks, at least in areas outside the original 63 acres, should be litigated, and that, so long as a question remains as to that right, potential customers are deterred from renting such space by the threat of future litigation. Thus, Brook claims to be prejudiced by the discontinuance. The fact remains, however, that Brook sought no affirmative relief in its original answer, and never renewed its cross motion to amend its answer, so as to assert a counterclaim, after that cross motion had been denied with leave to renew. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.