■ ST. JAMES PLAZA, Respondent, v ANTON NOTEY et al., Appellants, and CECIL A. DUVERNEY, et al., Counterclaim Respondents. — In an action, *inter alia,* for a declaratory judgment to recover damages for fraud and for an accounting, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Orgera, J.), dated February 27, 1984, which granted the plaintiff's motion for partial summary judgment on its fourth cause of action declaring the defendants' partnership interests in the plaintiff to be terminated and dismissed the defendants' first and second counterclaims.

Judgment modified, on the facts and as a matter of discretion, by adding, as per a stipulation entered into by the parties on this appeal, dated February 7, 1985, the following provisions: (1) that the complaint be deemed amended to include a cause of action on behalf of SHRF Realty Corp. for a declaratory judgment that the interests of the defendants in SHRF Realty Corp. and in the plaintiff are indivisible; and, (2) a valuation of the interests of the defendants in SHRF Realty Corp. shall be made at the same time as a valuation of their interests in the plaintiff. As so modified, judgment affirmed, with costs to the plaintiff.

St. James Plaza, the plaintiff, is a partnership which operates the St. James Health Related Facility for the treatment and care of sick or disabled persons, most of whom are elderly. The partners in St. James Plaza are also the sole stockholders in SHRF Realty Corp., the owner of the land and building where the plaintiff conducts its business. Stock ownership was based upon, and proportionate to, the parties' respective interests in the partnership.

The partnership agreement, *inter alia,* provides that a partner's interest shall be terminated upon conviction for any crime.

The defendants were "convicted" when their pleas of guilty to various crimes were entered on August 18, 1978 (*see,* CPL 1.20 [13]; *Matter of Gunning v Codd,* 49 NY2d 495, 499). The agreement further provides that "the sums to be paid for the interest of such partner in the partnership * * * shall be at book value as of the first day of the year in which such [conviction] shall occur", which, as Special Term correctly determined, was January 1, 1978. Because their partnership interests were terminated as of August 18, 1978, the defendants lost whatever rights they had to participate in the partnership profits. Accordingly, Special Term correctly dismissed their counterclaims.

The partnership agreement, and the SHRF Realty Corp. stockholders' agreement, also provide that stock and partnership interests are to be treated as indivisible units. The appellants argue that Special Term's judgment should be reversed because it declared that their "interest in the partnership * * * has terminated as of 1978", thereby separating their partnership interests from their interests in the corporation in violation of the aforementioned agreements.

At oral argument of this appeal, counsel for both sides stipulated that SHRF Realty Corp. be deemed a party to this appeal. Counsel also stipulated that, "2) the Complaint be deemed amended to include a cause of action on behalf of SHRF Realty Corp. for a declaratory judgment that the interests of Defendants-Appellants, Dr. Anton Notey, Richard Notey and Thomas Notey, in SHRF Realty Corp. and in Plaintiff-Respondent, St. James Plaza are indivisible; and, 3) a valuation of the interests of Defendants-Appellants in SHRF Realty Corp. shall be made at the same time as a valuation of their interests in St. James Plaza".

We agree that SHRF Realty Corp. should be included as a party in this matter and direct that Special Term's judgment be modified to include the provisions of the stipulation. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.