■ RONALD ST. PIERRE et al., Respondents, v LEONARD OSTREICH et al., Appellants, et al., Defendants.—In a medical malpractice action, the defendants Ostreich, Wain, Talebian and Wortman appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pizzuto, J.), dated December 19, 1984, as discontinued the infant plaintiff's action without prejudice. The appeal brings up for review so much of an order of the same court, dated September 5, 1986, as, upon reargument, adhered to its original determination that the discontinuance of the infant plaintiff's action should be without prejudice.

Ordered that the appeal from the order dated December 19, 1984 is dismissed, without costs or disbursements. That order was superseded by the order dated September 5, 1986, made upon reargument, and it is further,

Ordered that the order dated September 5, 1986 is affirmed insofar as reviewed, without costs or disbursements.

Despite the vigor with which our dissenting colleague challenges Special Term's determination permitting a two-year-old infant's medical malpractice case to be discontinued without prejudice, we view the order in issue to be an exercise of discretion that should be permitted to stand. Special Term quite obviously exercised its discretion not to deprive the child of the right to recovery simply because the parents were disinclined or unable to proceed with a suit on the child's behalf. That decision on the part of the court was not an abuse of discretion. Lazer, J. P., Bracken and Eiber, JJ., concur.

Thompson, J., concurs in part and dissents in part and votes

to dismiss the appeal from the order dated December 19, 1984, reverse the order dated September 5, 1986, insofar as reviewed, vacate the order dated December 19, 1984, insofar as appealed from, and dismiss the infant plaintiff's action, with prejudice, in the following memorandum, with which Lawrence, J., concurs. A motion for leave to discontinue litigation pursuant to CPLR 3217 is addressed to the sound discretion of the court *(see, Tucker v Tucker,* 55 NY2d 378, 383). As a general proposition, a party cannot be compelled to litigate a claim, and hence, absent special circumstances, a motion for leave to discontinue should be granted *(see, Tucker v Tucker, supra; Shaffer v Best Farms No. 3,* 107 AD2d 745; *National Bank v Brook Shopping Centers,* 105 AD2d 734). However, where the discontinuance would serve to frustrate an outstanding court order in favor of the defendant, it will not be allowed and denial of discontinuance will be obligatory since particular prejudice to the defendant will ordinarily result *(see, Bonfante v Hadar Homes,* 84 AD2d 570; *Engelmayer v Engelmayer,* 57 AD2d 770; *Schneider v Schneider,* 32 AD2d 630). In my view, the instant matter falls within the ambit of the latter principle of law.

I believe Special Term abused its discretion in permitting a discontinuance without prejudice of the infant plaintiff's action thereby allowing a prior court order to be circumvented. Accordingly, I cannot concur in the determination reached by the majority with respect to the order dated September 5, 1986, and, instead, vote to reverse that order insofar as reviewed and to dismiss the infant plaintiff's claim with prejudice.

This medical malpractice action commenced on behalf of the infant plaintiff and her parents was initiated by service of a summons and verified complaint on or about March 8, 1984. Issue was joined as to the appellants herein on or about April 6, 1984, by service of a verified answer. Simultaneously therewith, the appellants served upon the plaintiffs a demand for a bill of particulars. Receiving no response to the demand, the appellants moved to preclude. Special Term (Levine, J.), by order dated August 23, 1984, issued an order of preclusion unless a bill of particulars was served by the plaintiffs upon the appellants within 45 days of the service upon them of a copy of the order, with notice of entry.

The plaintiffs failed to comply with Special Term's order within the prescribed period thereby prompting the appellants to move to dismiss the action and for summary judgment upon

the basis of such lack of compliance and upon the plaintiffs' inability to establish a prima facie case as a result thereof.

In their opposing papers, the plaintiffs requested discontinuance of the action of Ronald and Linda St. Pierre and that the infant plaintiff's action be held in abeyance until such time as the Statute of Limitations governing the infant plaintiff's claim had run.

By order dated December 19, 1984, Special Term, treating the appellants' motion to dismiss as a motion for discontinuance, ordered discontinuance of the action without prejudice.

The appellants moved for leave to reargue Special Term's order. At the same time, the defendant Nassau Hospital cross-moved for an order discontinuing the action of the infant plaintiff as against it.

Upon reargument, Special Term diverged from its original decision only to the extent of dismissing with prejudice the action with respect to the two adult plaintiffs.

The appellants contend that discontinuance of the action without prejudice with respect to the infant plaintiff does violence to the previously entered conditional order of preclusion by permitting the infant plaintiff to circumvent that order granting preclusion unless a bill of particulars was served within 45 days. I agree. While according due deference to the solicitude with which the courts protect the rights of minors and to the general preference for deciding cases on their merits, I must nevertheless conclude that the infant plaintiff's action should be dismissed with prejudice. Discontinuance without prejudice essentially gives the infant plaintiff another day in court. The appellants, who have diligently defended this action, would be prejudiced by a discontinuance without prejudice since the infant plaintiff has failed to provide information properly sought in a demand for a bill of particulars at a time when such information was readily available and ascertainable, has ignored an order of the court directing that such information be furnished, and has, by such conduct, subjected the appellants to the expense and trouble of defending the claim and pursuing unnecessary motion practice in an effort to obtain the information necessary to prepare their defense. While I reject the appellants' contention that the conditional order of preclusion was self-executing upon the plaintiffs' failure to comply therewith, I am of the opinion that discontinuance without prejudice of the instant action with respect to the infant plaintiff serves to unfairly penalize the appellants' diligence in defending the action. At

the same time, such a ruling by the court countenances evasive measures undertaken by the plaintiffs to evade the effect of preclusion (see generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:13, pp 692-693). We should be wary of granting a discontinuance without prejudice under these circumstances. Accordingly, I vote to reverse the order dated September 5, 1986, insofar as reviewed, and to dismiss the infant plaintiff's action with prejudice.