■ St. James Plaza et al., Appellants, v Anton Notey et al., Respondents. (Action No. 1.) Anton Notey et al., Respondents, v St. James Plaza et al., Defendants. (Action No. 2.)— In two consolidated actions, *inter alia*, to recover damages for fraud and breach of fiduciary duty and seeking reimbursement of moneys owed under a partnership agreement, the plaintiffs in action No. 1 appeal from an order of the Supreme Court, Suffolk County (Namm, J.), entered April 17, 1989, which granted a motion by the defendants in action No. 1 for consolidation of actions Nos. 1 and 2 and denied their cross motion for leave to discontinue their fourth cause of action.

Ordered that the order is affirmed, without costs or disbursements.

As there is an identity of parties in both actions and the primary issue to be resolved (i.e., the valuation of the Noteys' interest in the subject partnership and corporation), actions Nos. 1 and 2 were properly consolidated. We find no merit to the appellants' arguments that a joint trial would be preferable or that they would suffer any prejudice by virtue of the consolidation.

We further find that the Supreme Court properly denied the appellants' cross motion pursuant to CPLR 3217 (b) for leave to discontinue their fourth cause of action for a declaration that the Noteys' interest in the partnership was terminated and that the appellants did not owe the Noteys anything for their almost 70% interest in the partnership and corporation. Ordinarily, a party cannot be compelled to litigate and, absent special circumstances, leave to discontinue a cause of action should be granted. However, if the party opposing the motion can demonstrate prejudice if the discontinuance is granted, discontinuance must be denied *(see, Tucker v Tucker,* 55 NY2d 378; *Gansburg v Gansburg,* 124 AD2d 701; *Shaffer v Best Farms No. 3,* 107 AD2d 745; *National Bank v Brook Shopping Centers,* 105 AD2d 734). In the instant case, discontinuance would work prejudice upon the Noteys.

It is undisputed that the Noteys' claim for payment for their share of the partnership and corporation has been pending for over 10 years. The Noteys had interposed counterclaims to assert their rights in this regard. When these counterclaims were dismissed in 1984, the Noteys instituted action No. 2 to enforce their claim for payment. If the appellants' fourth cause of action in action No. 1 is discontinued, the Noteys could be foreclosed from pursuing their claim. The relief sought by the Noteys in action No. 2 is not identical to

the relief they would be accorded if they prevail as defendants on the appellants' fourth cause of action in action No. 1.

In *St. James Plaza v Notey* (95 AD2d 804), we specifically held that the Noteys were entitled to their percentage of the partnership and corporation as of January 1, 1978 and that this amount could be ascertained through the "book value" as stated in the partnership's annual statement. After remittitur, we held, in *St. James Plaza v Notey* (111 AD2d 228): "[A] valuation of the interests of [the Noteys] in SHRF Realty Corp. shall be made at the same time as a valuation of their interests in the [appellant partnership]." Thus, this court has specifically held on two occasions that the Noteys' interests terminated on January 1, 1978, and that they were to receive their percentage of the partnership and corporation as of that date. Our prior determinations, which, in effect, held in favor of the appellants on the first prong of the fourth cause of action for a declaration that the Noteys' interest in the partnership terminated in 1978, require that the Noteys receive compensation for their interests. Thus, a discontinuance of the fourth cause of action would clearly prejudice the Noteys' position and abrogate their rights. It would be patently inequitable to permit the appellants to prevail on the first prong of this cause of action (a declaration that the Noteys' interests were terminated) and then to permit them to discontinue the second prong of this cause of action for a declaration as to whether the Noteys are owed anything under the partnership agreement. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.