■ GEORGE FREEMAN et al., Appellants-Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents-Appellants. [663 NYS2d 557] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered February 29, 1996,

as amended on April 3, 1996, dismissing plaintiffs' causes of action for false arrest and malicious prosecution, and awarding damages in the principal amount of $46,000 in favor of plaintiff husband on his cause of action for assault, and $15,000 in favor of plaintiff wife on her cause of action for loss of consortium, unanimously modified, on the law and the facts, to dismiss the complaint as against defendant Doubrowski and to dismiss the cause of action for punitive damages against defendant Werfelman; on the law, to remand for a new trial on the issue of punitive damages; and, on the facts, to remand for a new trial only on the issue of damages relating to the assault, and otherwise affirmed, without costs, unless within 30 days after the date of this order, defendants Port Authority, Baden, DeMartino and Werfelman stipulate to increase the award on damages relating to the assault to the principal amount of $75,000 and to entry of an amended judgment in accordance therewith, in which case the judgment, as above modified on the law and the facts, and as modified on the law with respect to the demand for punitive damages, is affirmed, without costs.

This action for, *inter alia,* assault and false arrest against the Port Authority and several of its police officers was brought by a former employee of a Port Authority subcontractor who was arrested for trespass in a restricted area of the Port Authority bus terminal.

We find that dismissal of the cause of action for false arrest and malicious prosecution was properly based on undisputed evidence that the officers who arrested plaintiff were unaware that he was employed at the premises and had an objectively valid basis for believing plaintiff to be a trespasser, thereby providing them with the requisite probable cause to arrest when he entered the restricted area without exhibiting his identification and did not immediately respond to the officers' command to stop.

However, we find the award on the assault cause of action to be inadequate to the extent indicated. We also find that the court was not warranted in dismissing the demand for punitive damages before submission to the jury since, accepting the plaintiff's version of the events as true (*Thornhill v Toys "R" Us NYTEX,* 183 AD2d 1071), there was sufficient evidence from which the jury could find that the wrongdoing of Officers Baden and DeMartino was " ' "intentional and deliberate, and has the character of outrage frequently associated with crime" ' " (*Liberman v Riverside Mem. Chapel,* 225 AD2d 283, 291, quoting *Prozeralik v Capitol Cities Communications,* 82 NY2d 466, 479, quoting Prosser and Keeton, Torts § 2, at 9 [5th ed 1984]).

The testimony of the 60-year-old plaintiff alleged that he was thrown to the ground by Officer Baden and a number of other officers, that he was held down by Officer Baden with a foot to his throat, that he was kicked while being held down on the ground, that his shirt was torn off and that he was pulled to his feet in a violent manner causing "excruciating" pain in his arm. He was then shackled to a wall by Officers Baden and DeMartino, where he remained, naked from the waist up, for 40 minutes. During that period, Officer DeMartino found an Alabama license in plaintiff's wallet and proceeded to taunt plaintiff with a rendition of "Oh Susanna" ("Oh, I come from Alabama with a banjo on my knee"), drawing laughs from other officers. Moreover, plaintiff also testified that when the officer found plaintiff's work identification, the officer tried to mollify him, but when that approach was unsuccessful plaintiff was, instead, fingerprinted and the paperwork was completed on his arrest. Ultimately, plaintiff had to appear twice in Criminal Court before the charges against him were dropped on the motion of the District Attorney's office.

We find that these allegations warrant submission of the demand for punitive damages to a jury and therefore modify the judgment to remand for a new trial on that claim. We also find the award on the assault cause of action to be inadequate to the extent indicated. We have considered plaintiffs' arguments that they were deprived of a fair trial by various of the court's evidentiary rulings and bias, and find them to be without merit. We also modify the judgment to reflect the plaintiffs' agreement to discontinue the action as against defendant Doubrowski and to discontinue the cause of action for punitive damages against defendant Werfelman.

Motion denied insofar as it seeks renewal or leave to appeal to the Court of Appeals; insofar as reargument is sought, the motion is granted and upon reargument the unpublished decision and order of this Court entered on June 17, 1997 (Appeal No. 61111) is recalled and vacated and a new decision and order decided simultaneously herewith, substituted therefor. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.