*916 OPINION OF THE COURT
Kevin J. Kerrigan, J.
Pursuant to the direction in the order of this court issued on November 5, 2003, and after conferences with counsel for all parties on November 17, 2003 and December 23, 2003, the following order is issued resolving the questions of whether infant plaintiff John David Noguera sustained a serious injury under section 5102 (d) of the Insurance Law, and whether his mother should be permitted to voluntarily discontinue his action without prejudice. In addition to the moving and cross-moving papers, the court considered the medical documents submitted by plaintiffs counsel at the conference on December 23, 2003, as well as defendant Sargeant’s reply affirmation dated December 30, 2003, which was submitted with the permission of the court.
The motion and cross motion by defendants for summary judgment are granted. Defendants have submitted evidence, in admissible form, to establish prima facie that Noguera has not sustained a serious injury (see, Insurance Law § 5102 [d]; Gaddy v Eyler, 79 NY2d 955 [1992]). The burden then shifted to Noguera to come forward with sufficient evidence to demonstrate that he has sustained a serious injury (see, Gaddy v Eyler, supra). Noguera has failed to meet his burden.
Sandra Brown, Noguera’s mother, cross-moves for an order permitting her to discontinue her son’s action without prejudice, upon the ground that the full extent of Noguera’s injuries to both knees has not manifested itself, Noguera having been involved in a motor vehicle accident on August 5, 2001. She argues that it is not clear at this point whether he has sustained a serious injury and that, until the full extent of his injuries becomes known, he will be prejudiced by a dismissal of his case.
No injuries have been alleged on Noguera’s behalf in the bill of particulars. Nor has any admissible proof been submitted to raise a factual issue regarding serious injury (see, Friedman v U-Haul Truck Rental, 216 AD2d 266 [1995]). Clearly, therefore, Noguera has failed to submit medical proof sufficient to defeat summary judgment (see, Merisca v Alford, 243 AD2d 613 [1997]). Letters from his pediatric orthopedist dated as recently as December 2, 2003 indicate that Noguera is restricted from physical education in school because of “knee problems, but his ‘knees exhibit good range of motion’ ” and he “ambulates without difficulty.” However, he has pain in his left knee with “resisted extension,” all of which is elicited by running, accord *917 ing to the orthopedist. The court notes that the first time that Noguera was restricted by a doctor from participating in physical education was in September 2003, after the motion and cross motion for summary judgment were made. The inadmissible MRI reports dated August 28, 2003 indicate degenerative signal changes in the posterior horn of the meniscus in each knee. In addition, it is well settled that pain, by itself, may not form the basis of a serious injury under Insurance Law § 5102 (d) (see, Scheer v Koubek, 70 NY2d 678 [1987]).
After analyzing Noguera’s medical documents, as well as the arguments made by his mother, there is no basis for this court to determine that Noguera may, with the passage of time, be able to establish that he sustained a serious injury under the Insurance Law, causally related to his accident, for which he should be entitled to compensation.
A motion for leave to discontinue litigation, pursuant to CPLR 3217, is addressed to the sound discretion of the court (see, Tucker v Tucker, 55 NY2d 378, 383 [1982]). Generally, a party cannot be compelled to litigate a claim and, absent special circumstances, a motion for leave to discontinue should be granted (see, Tucker v Tucker, supra; Shaffer v Best Farms No. 3, 107 AD2d 745 [1985]; National Bank v Brook Shopping Ctrs., 105 AD2d 734 [1984]). A plaintiff should be permitted to discontinue the action at any time “unless substantial rights have accrued or his adversary’s rights would be prejudiced thereby” (see, Louis R. Shapiro, Inc. v Milspemes Corp., 20 AD2d 857, 857 [1964]).
Here, defendants would be entitled to summary judgment dismissing Brown’s claim on behalf of her son if this court does not permit the discontinuance. It has been held that an action should be discontinued with prejudice where a “plaintiff’s request for a discontinuance without prejudice was an apparent attempt to evade the consequences of an adverse order on defendant’s pending motion for summary judgment and preserve its ability to commence a Federal action” (see, NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319, 319 [1997]). It is evident that Brown seeks to avoid a dismissal of Noguera’s claim, but preserve it for the future, by her attempts to discontinue without prejudice.
Notwithstanding that Noguera, as an infant, would have benefitted from a tolling period of the statute of limitations (see, CPLR 208) if Brown did not commence this action on his behalf, defendants are prejudiced if Brown’s cross motion is granted. *918 First, they would be deprived of a favorable adjudication on the merits and, second, they would be forced to spend additional resources defending a new action, if commenced. On this record, the prejudice to defendants outweighs Noguera’s status as an infant, and the judicial protections that normally flow therefrom.
In St. Pierre v Ostreich (123 AD2d 857 [1986]), the Appellate Division, Second Department, permitted, over a dissent, an infant’s medical malpractice case to be discontinued without prejudice because the parents were disinclined or unable to proceed with that suit on the infant’s behalf. The dissent would have dismissed the action upon the ground that plaintiffs violated a prior conditional order of preclusion by not having served a bill of particulars upon defendants. The majority deferred to Special Term’s discretion in permitting the discontinuance without prejudice, despite the potential enforcement of the preclusion order, so as to avoid depriving the infant of the right to recovery.
In our case, however, Brown seeks the discontinuance not because of an inability or unwillingness to proceed with this action in terms of discovery, but to avoid a dismissal of her son’s case on the merits. The facts in St. Pierre v Ostreich (supra) are, therefore, distinguishable.
Thus, the motion and cross motion by defendants for summary judgment are granted, and the complaint is dismissed as to Noguera. As a result, Brown’s cross motion for permission to discontinue Noguera’s claim without prejudice is denied.