*768 OPINION OF THE COURT
Alice Schlesinger, J.
Plaintiff Brian Persaud has moved by order to show cause to compel defendants to accept his supplemental bill of particulars, dated October 11, 2007, which spells out his demand for punitive damages. Defendants vigorously oppose the motion, claiming that it is untimely and prejudicial and procedurally improper. For the reasons stated below, this court finds that defendants’ objections, when viewed in the context of these proceedings, do not bar the requested relief.
Background Facts
Plaintiff Brian Persaud, a construction worker in his early thirties, was hit in the head by a wooden beam and knocked to the ground while working at a construction site on May 20, 2003. He was transported by ambulance to the defendant New York Presbyterian Hospital, where he arrived fully conscious and, according to the medical records, “alert and oriented times three.” He was seen by the on-duty attending emergency room physician, defendant Dr. Eric Maniago. Pursuant to Dr. Mania-go’s instructions, the resident, Dr. Susan Troccialo, informed the plaintiff that she would perform a rectal examination and proceeded to do so with Dr. Maniago nearby.
Plaintiff repeatedly and forcefully declined to consent to the rectal exam, became agitated, and struck a hospital employee while attempting to resist the exam. Hospital security was called and plaintiff was restrained, sedated and temporarily intubated. When extubated, plaintiff remained agitated and the hospital called the New York City Police Department. Wdien the police arrived, plaintiff was handcuffed to a bed and arrested and confined for approximately 24 hours. He ultimately received an adjournment in contemplation of dismissal in Criminal Court and the matter was consequently dismissed and sealed.
In April 2004, plaintiff commenced this action, asserting eight causes of action which sound in assault and battery, unlawful confinement, negligence, and lack of informed consent. He alleged that he had sustained “both general and special” damages and demanded in his ad damnum clause “compensatory damages in an amount to be determined by a jury after a trial of this action [and] such other and further relief as this court may deem just and proper.”
Defendants served a demand for a bill of particulars, dated July 28, 2004, wherein they demanded particulars about the *769 nature, location and extent of each alleged injury (1Í 7), the treatment received for the injuries (HIT 8-11), details regarding any claimed lost earnings (1i1f 12-13), and details regarding any special damages “as a result of the alleged malpractice,” such as doctor, hospital, nursing, and prescription charges (H1i 14-18). In his original bill of particulars dated January 3, 2005,[1] plaintiff provided particulars for the various items but not the request for special damages. In response to that request, plaintiff stated (at H 14): “Upon information and belief, it is currently unknown whether any special damages will be claimed as a result of the alleged malpractice. Plaintiff reserves the right to produce said information as it becomes available, subject to proper disclosure.”
After extensive discovery and the filing of the note of issue, a trial date of November 15, 2007 was set with a final pretrial conference scheduled for October 24. Before the conference, on October 13, plaintiff served defendants by mail with a supplemental bill of particulars supplementing his response to demands 14 (a)-(d) to state as follows: “the defendants are jointly and severally liable for Exemplary and Punitive damages.” By letter dated October 19, defendants rejected and returned the bill, stating: “Your Supplemental Verified Bill of Particulars is untimely, without court permission and an improper attempt to amend your pleadings.” When the issue was raised at the October 24 conference, this court directed plaintiff to make the instant order to show cause to compel defendants to accept the supplemental bill.
Plaintiff asserts that his complaint and original bill of particulars gave ample notice of the allegations underlying a demand for punitive damages and that the proposed supplemental bill simply amplifies those allegations by characterizing them to include a specific demand for punitive damages. Defendants respond that the complaint, as well as the bill of particulars, must include any demand for punitive damages and insist that the motion must be denied because the amendment of the complaint is a prerequisite to the supplementation of the bill of particulars.
While this court agrees that a demand for punitive damages should be included in the ad damnum clause of the complaint, I disagree that plaintiffs failure to move to amend his complaint *770 mandates the denial of the motion. This court directed that plaintiff move for an order compelling defendants to accept the supplemental bill because the dispute arose in response to plaintiffs service of the supplemental bill. Since plaintiff was following the court’s direction, and since both sides addressed all the issues relevant to a motion to amend, this motion will be treated as one to amend the ad damnum clause in the complaint to include a request for punitive damages. Supplementation of the bill of particulars is not necessary for two reasons. First, defendants did not include in their demand any request that would call for a response that punitive damages are being demanded; while plaintiff offered the information in response to request 14 for “special damages . . . claimed as a result of the alleged malpractice,” punitive damages technically do not qualify as special damages, which tend to include compensatory damages such as out-of-pocket expenses. Further, considering the specific allegations of wrongdoing included in the complaint and original bill of particulars as detailed below, no further particulars are required.
Amendment of the Ad Damnum Clause is Generally Allowed
The law is well settled that “in the absence of prejudice to the defendant, a motion to amend the ad damnum clause, whether made before or after the trial, should generally be granted.” (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981].) In confirming that principle, the Court of Appeals in Loomis emphasized that “[o]ne of the obvious goals of the CPLR was to liberalize the practice relating to pleadings.” (Id. at 23.) Thus, CPLR 3017 (a) empowers the court to “grant any type of relief within its jurisdiction appropriate to the proof, whether or not demanded, imposing such terms as may be just.” Similarly, CPLR 3025 gives the court broad discretion to allow the amendment of pleadings, indicating in subdivision (b) that leave “shall be freely given” and confirming in subdivision (c) that the amendment can be authorized “before or after judgment” to conform the pleadings to the proof. The Loomis court therefore concluded that a trial court presented with a motion to amend an ad damnum clause should weigh the same considerations as applied when considering a motion to amend a complaint and allow the amendment at any stage of the proceedings if no prejudice to the defendant has been shown. (54 NY2d at 23.)
Here, the proposed amendment is limited in scope; plaintiff seeks only to add an express demand for punitive damages. Since a claim for punitive damages is not a separate cause of ac *771 tion, nothing more than the express demand is required in this case. (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603 [1994].)
Punitive damages are typically supported by evidence of wrongdoing that is “intentional and deliberate, and has the character of outrage frequently associated with crime.” (Freeman v Port Auth. of N.Y. & N.J., 243 AD2d 409, 410 [1st Dept 1997], quoting Liberman v Riverside Mem. Chapel, 225 AD2d 283, 291 [1996], quoting Prozeralik v Capital Cities Communications, 82 NY2d 466, 479 [1993], quoting Prosser and Keeton, Torts § 2, at 9 [5th ed 1984].) “Punitive damages, in contrast to compensatory damages, are awarded to punish a defendant for wanton and reckless or malicious acts and to protect society against similar acts.” (Rivera v City of New York, 40 AD3d 334, 344 [1st Dept 2007], citing Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 200 [1990].) The complaint in this case contains numerous allegations along those lines. First, the causes of action themselves (such as assault and battery, false arrest and confinement, and a forced rectal exam without plaintiffs consent) include intentional torts or involve deliberate acts which are routinely associated with punitive damages. (See Freeman, supra [assault allegations warranted submission of punitive damages claim to jury].) Moreover, the complaint repeatedly characterizes defendants’ conduct as reckless, stating, for example (at 1i 18) that the treatment was “rendered carelessly, unskillfully, negligently and recklessly and in complete disregard for the plaintiffs actual medical conditions or vehement objections to said rectal exam; and in complete disregard and not in accordance with any accepted standards of medical care, diagnosis, testing, treatment and services in the relevant community.” Defendants’ conduct is described as “reckless” on at least seven other occasions in the complaint (see e.g. ¶¶ 12, 19, 20, 22, 24, 30, 66). In addition, plaintiff repeatedly alleges in his original January 3, 2005 bill of particulars that defendants acted “recklessly” and with “gross indifference” (see ¶¶ 22, 24, 26, 27, 28).
Plaintiff also points to the August 9, 2007 report of his examining physician Dr. Irving Friedman as notice of the allegations underlying his demand for punitive damages. Dr. Friedman is a diplómate of the American Boards of Neurology, Psychiatry and Neurophysiology. In his seven-page report, he summarizes key points in the medical records and reports his physical exam findings. In the section of the report entitled *772 “Analysis and Assessment,” Dr. Friedman notes that plaintiff “clearly refused to have the rectal exam done,” concludes that neither the rectal exam nor the intubation was medically necessary, and opines that the unauthorized exam provoked plaintiff, and caused him to become “belligerent and agitated.” In addition to this wrongful treatment, plaintiff “also suffered the indignity of being arrested for assault,” all of which caused plaintiff to suffer “extreme anxiety, agitation and depression.” Dr. Friedman concludes by stating that: “Having the patient arrested for his violent behavior, i.e. specifically related to refusing a rectal exam, remains incredulous to me. Perhaps, the physicians at the Emergency Room should have also been arrested for assaulting Mr. Persaud, i.e., doing a rectal exam against his clear instructions.”
Under the circumstances of this case, this court finds that the requested amendment is limited in scope and amply supported by the allegations in the verified complaint, the bill of particulars, and the medical report to allow the requested amendment pursuant to Loomis, absent prejudice to the defendants.
Defendants’ Claim of Prejudice is Unavailing
Defendants urge this court to deny the motion because plaintiff has moved on the eve of trial.[2] The claim is unavailing. A motion to amend may be made and granted at any stage of the proceeding, “absent prejudice or surprise resulting directly from the delay.” (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983].) While defendants claim both surprise and prejudice, few of the claims relate directly to delay, and none of them has merit. As demonstrated above in detail, the specific allegations in the complaint and bill of particulars as to defendants’ conduct and the characterization of that conduct were sufficient to put the defendants on notice of a potential punitive damages claim.
Nor is there any basis for a finding of prejudice. As the Court of Appeals explained in Loomis (54 NY2d at 23): “Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or *773 has been prevented from taking some measure in support of his position.”
Defendants do not satisfy this test. While they claim they would have conducted discovery on the punitive damages claim, they have failed to specify a single additional question they would have asked the plaintiff or a single additional discovery demand they would have made. In fact, defendants thoroughly explored all the claims in the complaint cited above which are the foundation for the punitive damages demand, and plaintiff at no time indicated a desire to withdraw any of those claims. Defendants cannot fairly presume that this court would have granted a motion to dismiss a punitive damages claim as a matter of law.
This case is readily distinguishable from Heller v Louis Provenzano, Inc. (303 AD2d 20 [1st Dept 2003]) relied upon by defendants. Heller involved a claim of personal injury against a building owner by a plaintiff who had tripped and fallen as he exited a freight elevator in the parking garage. On appeal of the jury verdict in favor of the plaintiff, the Appellate Division ordered a new trial due to misconduct by both counsel. Plaintiff then sought to amend to include a claim of punitive damages based on violations of the building code and safety regulations which had not originally been alleged. In denying the motion to amend, the court cited a need for discovery about defendants’ practices related to the newly alleged violations and accident statistics as only two of the issues raised by the proposed amended complaint. The Heller case cannot reasonably be compared to this case, where no new cause of action or injury is claimed.
This case is also readily distinguishable from Brown v New York City Health & Hosps. Corp. (6 AD3d 258 [1st Dept 2004]). There, the Appellate Division affirmed the trial court’s denial of plaintiff’s midtrial motion to amend his four-year-old bill of particulars to assert a new theory of liability, finding that the defendant “would have been prejudiced by deprivation of the opportunity to conduct a deposition of a key witness on this point.” (6 AD3d at 258.) In contrast here, the amendment does not involve a new theory of liability, does not involve additional witnesses, and does not call for any additional discovery.
Similarly unpersuasive is defendants’ claim that they are prejudiced because they have not had a full and fair opportunity to consult the personal counsel required because their insurance will not cover punitive damages. To avoid any such preju *774 dice, this court postponed the trial of this action when the issue arose to give defendants ample opportunity to consult private counsel. Presumably, that consultation has taken place by now so that the matter can proceed to trial next year on the agreed upon date of March 17, 2008 with the full protection of defendants’ rights.
Conclusion
This court finds that the verified complaint and the verified bill of particulars lay a sufficient foundation for the proposed demand for punitive damages, and that the amendment of the ad damnum clause to expressly state the demand will not prejudice the defendants. Plaintiffs failure to expressly request such an amendment or to include a proposed amended complaint to the moving papers is not fatal, considering the de minimis amendment proposed.
Accordingly, it is hereby ordered that plaintiff’s motion is granted and plaintiff is directed to serve an amended complaint by January 14, 2008 by personal delivery to the offices of defense counsel; and it is further ordered that defendants shall similarly serve an answer to the amended complaint by February 14, 2008.

. The bill, attached as exhibit A to the moving papers, was mistakenly titled “Amended Verified Bill of Particulars.”

. Both sides argue extensively about the time limitations for serving a supplemental bill of particulars and whether the information provided qualifies as “continuing special damages and disabilities” which may be included in a supplemental bill without leave of court pursuant to CPLR 3043 (b). However, the debate is irrelevant because, as indicated above, the motion is being treated as one to amend the ad damnum clause in the complaint.