■ 1701 RESTAURANT ON SECOND, INC., Respondent, v AR-MATO PROPERTIES, INC., Appellant. [921 NYS2d 238]—

Orders, Supreme Court, New York County (Milton A. Tingling, J.), entered February 17, 2010, which, to the extent appealed from as limited by the briefs, denied defendant landlord's motion to discontinue its counterclaim for a declaration that the subject lease expired on August 31, 2009 and that no further right to exercise the lease renewal option remained, and declared that tenant was entitled to exercise the lease renewal option and that tenant did so properly, unanimously affirmed, with costs.

The parties agree that this Court need look no further than the "clear language" contained in the "four corners" of the agreement, but differ on their interpretation of the asserted clear language. Under the "clear language" rule of contract interpretation, we disregard extrinsic evidence if there is, as the parties agree, no ambiguity, and look only to the language of the agreement (see R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 33 [2002]). Tenant correctly points to language in the 2001 Lease Extension and Modification Agreement stating that, other than as modified by such document, the terms of the 1994 lease "remain in full force and effect." Thus, the clear language of the rider to the 1994 lease directly supports tenant's contention that the renewal option was still in effect and had not been "subsumed" as defendant landlord argues. Landlord fails to direct the court to any clear language in support of its position.

"Ordinarily, a party cannot be compelled to litigate and, absent special circumstances, leave to discontinue a cause of action should be granted [unless] the party opposing the motion can demonstrate prejudice if the discontinuance is granted" (see St. James Plaza v Notey, 166 AD2d 439, 439 [1990]). Under the circumstances of this case, Supreme Court correctly denied landlord's motion. Landlord sought to discontinue its counterclaim for declaratory judgment in Supreme Court and then pursue similar relief in Civil Court, notwithstanding that tenant had cross-moved for leave to amend its complaint, which should be freely granted (CPLR 3025 [b]), seeking to add a cause of action for declaratory relief related to the same subject

matter. Moreover considerable discovery had already occurred in relation to landlord's counterclaim. Thus, it would have been inequitable to allow landlord to discontinue its counterclaim at this point in the litigation (*see St James Plaza v Notey* at 440).

We have reviewed landlord's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.