OPINION OF THE COURT
Fred J. Hirsh, J.
This motion raises the question of whether a party can be *244 compelled to settle an action when the defendant offers to permit plaintiff to enter a judgment for the full amount of plaintiffs damages including statutory interest and costs and disbursements without conceding liability.
Background
Defendant Allstate Insurance Company moves to dismiss this action pursuant to CPLR 3211 (a) (2) on the grounds no justiciable controversy exists.
On July 11, 2007 John Aragona’s 2002 Toyota Highlander was damaged in a motor vehicle accident. The vehicle was taken to M.VB. Collision, Inc., doing business as Mid Island Collision (MVB), for repair.
At the time of the accident, the vehicle was insured for property damage by defendant Allstate Insurance Company.
Within the period provided for in the regulations (see 11 NYCRR 216.7 [c] [1] [i]), Allstate sent an appraiser to MVB’s shop to inspect the vehicle, prepare an estimate for the cost to repair the vehicle and to begin negotiations regarding the repair of the vehicle.
Aragona claims the Allstate appraiser originally advised him the vehicle could be repaired for approximately $12,000.
When the parties did not reach an agreement regarding the cost for the repair of the motor vehicle, Allstate declared the vehicle a total loss and paid Aragona the sum of $16,152.80, the fair market value of the vehicle as of the date of the loss.
MVB was originally a party to this action.
Plaintiff served an amended complaint dated June 23, 2008 which dropped MVB as a plaintiff and which omitted the causes of action alleged on behalf of MVB. The amended complaint alleges one cause of action on behalf of Aragona.
Aragona claimed Allstate improperly declared the vehicle a total loss. Aragona further alleged as a result of Allstate’s “negligence, acts and omissions” he incurred expenses for appraisal/inspection fees, storage fees and other charges prior to the time Allstate declared the vehicle a total loss. The ad damnum clause of the amended complaint seeks compensatory damages of $2,000, prejudgment interest and attorney’s fees.
Allstate asserts it deducted $1,913.43 from Aragona’s insurance claim due to overcharges made by MVB. In November 2007, Allstate issued a check to Aragona in the sum of $222.67 reducing the overcharge deduction to $1,690.76. As best the *245 court can determine, Aragona never negotiated the $222.67 check.
By letter dated September 27, 2010, Allstate’s then counsel offered to settle the case by having Aragona return to Allstate the check for $222.67. Upon return of the check, Allstate would issue to Aragona a check for $1,913.43. Alternatively, Aragona could retain and deposit the check for $222.67. Allstate would issue to Aragona a check for $1,690.75. The offer was contingent upon Aragona executing a general release to Allstate and the attorneys for the parties executing and filing a stipulation discontinuing the action with prejudice.
Allstate asserts it remains ready and willing to pay Aragona $1,913.43 in settlement of the case together with statutory interest. Allstate is not willing to pay Aragona’s legal fees. Aragona has refused to accept the offer.
While the amended complaint does not state Aragona is seeking punitive damages, Aragona asserts in his opposition to the motion he is entitled to both compensatory and punitive damages.
Allstate asserts that Aragona is not entitled to exemplary or punitive damages in this action for breach of contract.
Allstate’s argument is even though it is not admitting or conceding liability since it has offered to pay Aragona the full amount of his compensatory damages there is no longer a case or controversy that can be decided by the court. Aragona does not dispute the amount offered by Allstate is the full amount of his compensatory damages.
Discussion
CPLR 3211 (a) (2) permits the court to dismiss an action because the court does not have subject matter jurisdiction over the dispute. The District Court has subject matter jurisdiction over the action because this is an action to recover money damages where the amount in dispute is less than $15,000 exclusive of interest and costs. (UDCA 201, 202.)
The issue that arises in this case is whether the offer of a full settlement of the action deprives the court of subject matter jurisdiction.
There does not appear to be any case law in New York on this issue. Allstate relies exclusively on a decision issued in Automobile Ins. Co. of Hartford, Connecticut v Electrolux Home Prods., Inc. (2011 WL 3295510, 2011 US Dist LEXIS 83974 *246 [WD NY, Aug. 1, 2011, No. 08 CV 623A]). In Electrolux, the court held since defendant was offering to settle the action for the full amount of plaintiffs damages including statutory interest and costs without conceding liability, an actual case or controversy no longer existed. Therefore, the court lacked subject matter jurisdiction. The court directed the entry of a judgment in favor of the plaintiff for the settlement amount together with statutory interest and costs.
Despite the allegations of negligence in the complaint, the relationship between an insured and the insurer is contractual. (Batas v Prudential Ins. Co. of Am., 281 AD2d 260 [1st Dept 2001]; Bunk v Blue Cross & Blue Shield of Utica-Watertown, 170 Misc 2d 416 [Sup Ct, Oneida County 1996].) A breach of a contract does not give rise to a separate cause of action in tort unless the defendant violated a legal duty that is separate and apart from the defendant’s contractual obligations. (Sommer v Federal Signal Corp., 79 NY2d 540 [1992]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 [1987]; Muldoon v Blue Water Pool Servs., 7 AD3d 496 [2d Dept 2004].) Plaintiff does not allege any other legal duties owed by Allstate to Aragona other than those established or created by the insurance contract.
New York does not recognize a separate cause of action in tort for negligent performance of a contract. (Inter-Community Mem. Hosp. of Newfane v Hamilton Wharton Group, Inc., 93 AD3d 1176 [4th Dept 2012]; Drezin v New Yankee Stadium Community Benefits Fund, Inc., 94 AD3d 542 [1st Dept 2012]; Shu v Air Sea Trucking, Inc., 31 Misc 3d 132[A], 2011 NY Slip Op 50605[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011].)
Aragona asserts he should not and cannot be compelled to accept the settlement offered by Allstate because he is entitled to punitive damages, legal fees and/or the additional costs incurred to obtain a replacement vehicle. None of these arguments have merit.
In order to obtain an award of punitive damages, the plaintiff must allege in the complaint facts that if proved would support an award for punitive damages. (Empire State Fed. Sav. & Loan Assn. v Commercial Union Ins. Co., 67 AD2d 676 [2d Dept 1979]; 5-R3014 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3014.08.) The amended complaint fails to allege any facts that would support an award of punitive damages. The amended complaint alleges Allstate failed to pay Aragona expenses it was obligated to pay under the provisions of the insurance policy.
*247 In order to recover punitive damages, the prayer for relief must contain a demand for punitive damages. (Anderson v WHEC-TV, 92 AD2d 747 [4th Dept 1983]; Persaud v New York Presbyt. Hosp., 18 Misc 3d 767 [Sup Ct, NY County 2007]; see also Belco Petroleum Corp. v AIG Oil Rig, 164 AD2d 583 [1st Dept 1991].) The prayer for relief in the amended complaint does not include a demand for punitive damages.
A party can recover punitive damages for breach of contract “where the breach of contract also involves a fraud evincing a ‘high degree of moral turpitude’ and demonstrating ‘such wanton dishonesty as to imply a criminal indifference to civil obligations’ ... if the conduct was ‘aimed at the public generally.’ ” (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994] [citation omitted]; see Tartaro v Allstate Indem. Co., 56 AD3d 758 [2d Dept 2008].)
The amended complaint alleges Allstate failed to make the payments required under the insurance policy although duly demanded. Aragona seeks to recover the expenses he incurred for appraisal/inspection fees, storage fees and other fees prior to the time his vehicle was declared a total loss. He is seeking to recover those sums Allstate was contractually obligated to pay under the terms of the insurance contract. Neither the amended complaint nor any of the papers submitted by Aragona in opposition to the motion place before the court any facts that if proved would establish Aragona is entitled to recover punitive damages.
A party cannot recover punitive damages on a claim for unfair settlement practices. (Warhoftig v Allstate Ins. Co., 199 AD2d 258 [2d Dept 1993].) Thus, to the extent Aragona asserts this is a claim for unfair settlement practices, he cannot recover punitive damages on such an action.
Aragona’s assertion he should not be compelled to accept the settlement because he is entitled to legal fees is also without merit. The insured may not recover legal fees incurred in bringing an affirmative action against the insurer to settle its rights under the policy. (Kantrowitz v Allstate Indem. Co., 48 AD3d 753 [2d Dept 2008].) Aragona would only be entitled to recover legal fees if the policy provided for payment of such fees. (Stein, LLC v Lawyers Tit. Ins. Corp., 100 AD3d 622 [2d Dept 2012].) Aragona has failed to present to the court any proof the policy contained a provision permitting him to be awarded legal fees should he be required to sue to obtain payment due under the terms of the policy.
*248 Aragona is not entitled to recover the difference between the amount he received from Allstate and the amount he paid to purchase a replacement vehicle.
Neither the insurance policy nor the Insurance Law or regulations required Allstate to pay Aragona the cost to obtain a new vehicle. Once Allstate declared Aragona’s vehicle totaled (15 NYCRR 20.20 [c] [1] [ii]), Allstate was obligated to pay Aragona the average retail value for a substantially similar vehicle as of the date of the loss as listed in two valuation manuals approved by the Insurance Department. (11 NYCRR 216.7 [c] [1] [i].) Allstate had to pay Aragona the average retail value of a 2002 Toyota Highlander with similar milage and equipment and in similar condition to the condition of Aragona’s vehicle prior to the accident. Allstate has already paid this sum. Aragona has not offered any evidence the amount he was paid by Allstate when the vehicle was declared “totaled” was not the proper amount.
The courts may not render advisory opinions. (Coleman v Daines, 19 NY3d 1087 [2012].) The court may not rule on “academic, hypothetical, moot, or otherwise abstract questions.” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801 [2003].) There are no exceptions to the mootness doctrine applicable to this case. (Id.)
Allstate has now offered to pay Aragona the full measure of Aragona’s damages inclusive of statutory interest. (See Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256 [1998].) Defendant is essentially using the procedure prescribed in CPLR 3221. The purpose of CPLR 3221 is to put an end to litigation by resolving the issues between the parties. (See David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3221.-2.) By offering to settle the action for the full amount plaintiff could recover at trial, defendant is attempting to put an end to this litigation without the need for a further time consuming and unnecessary trial.
Absent special circumstances, a party should not be compelled to litigate. (See Christenson v Gutman, 249 AD2d 805 [3d Dept 1998]; Shaffer v Best Farms No. 3, 107 AD2d 745 [2d Dept 1985]; Leites v Leites, 104 AD2d 342 [1st Dept 1984]; Brown v Garcia, 2 Misc 3d 915 [Civ Ct, Queens County 2004].)
Allstate has offered to pay Aragona his full damages. If this case were to proceed to trial and Aragona were to prevail, he would recover nothing more than has already been offered. Ara *249 gona has not contested Allstate’s assertion that his damages are $1,913.43 or offered any proof in admissible form that would establish he is entitled to damages in excess of this amount.
CPLR 104 states the provisions of the CPLR are to be interpreted to provide for the “just, speedy and inexpensive” determination of civil actions. The incident that gives rise to this action occurred six years ago. This action was commenced over five years ago. The amount of damages plaintiff seeks to recover is within the small claims jurisdiction of this court. (See UDCA 1801.) The parties have already incurred significant legal expenses in this case. The only appropriate and just result is to permit plaintiff to obtain his full measure of damages as soon as possible.
A trial on the issue of liability is not required and would, under these circumstances, constitute the issuance of an advisory opinion on a moot action. (See Electrolux.) Aragona has not placed before the court any evidence establishing he is entitled to damages in an amount in excess of the amount being offered.
Therefore, Allstate’s motion to dismiss pursuant to CPLR 3211 (a) (2) is granted.
The clerk is directed to enter judgment in favor of the plaintiff and against the defendant in the sum of $1,913.43 together with statutory interest from July 11, 2007 to the date of entry of judgment together with costs and disbursements as taxed by the clerk.